Movers Conference of Mississippi *v.*
Long, d.b.a. Long's Transfer Co.

No. 42208 February 26, 1962 137 So. 2d 925

*Overstreet, Kuykendall, Perry & Phillips,* Jackson, for appellants.

*Aaron L. Ford,* Jackson, for appellee.

McELROY, J.

The appellee, petitioner before the Mississippi Public Service Commission, held a certificate of convenience and necessity for the transportation of household furniture from Jackson County to any point in the State of Mississippi; and general commodities to and from all points wholly within Jackson County over irregular routes. Appellee was stationed at Pascagoula and owned two warehouses, operated a number of trucks, and had a force of seven people, including himself and his wife.

The petition to the Commission is, in part, as follows: "That, if granted the required certificate, the petitioner intends to operate as a common carrier by motor vehicle or a restricted common carrier by motor vehicle.

"(1) Operate as a restricted common carrier in transporting Household Furniture from any point within the State of Mississippi to any point in Jackson County, Mississippi:

"(2) Operate as a restricted common carrier in transporting Household Furniture to and from any point within the State of Mississippi to any point in George County, Mississippi; and,

"(3) Operate as a restricted common carrier in transporting general commodities to and from all points wholly within George and Jackson Counties, Mississippi, by irregular routes."

The Commission denied the moving of household furniture to and from any point within the State of Mississippi to any point in George County, and general commodities to and from all points wholly within George and Jackson Counties, by irregular routes, but further held that the public convenience and necessity requires the approval of the transportation of household furni-

ture from any point within Mississippi to any point in Jackson County. This authority was granted in conjunction with the present authority now owned and operated by the appellee.

There was much evidence introduced before the Commission in opposition to the common commodities in George County, and the evidence in opposition to the transportation of household furniture was introduced at the same time. In giving the evidence the witnesses in one place would testify in opposition to the moving of household furniture and at another in opposition to general commodities.

When the Commission denied the authority of the enlargement of commodities the parties in opposition had no further interest and therefore did not appeal. The appellant herein is the Movers Conference of Mississippi.

The appellee filed a strong motion to strike the reporter's transcript of the evidence and proceedings before the Mississippi Public Service Commission in behalf of the appeal of the Movers Conference of Mississippi, the purported appeal bond attempting to appeal the case to the Circuit Court and this Court and requested a dismissal of the appeal for lack of jurisdiction due to the fact that the Movers Conference of Mississippi is not a proper party as required by law. Since we are affirming this case we do not feel it necessary to pass on this question.

The question is whether the record contained substantial testimony in support of the order of the Mississippi Public Service Commission granting appellees additional rights under his certificate. We believe that there is substantial evidence to justify the ruling of the Commission. Several public officials of Jackson County testified to the effect that Jackson County was one of the fastest growing counties in the State of Mississippi and that there had been a rapid growth there

over the past ten or twelve years; there were a number of new industries that had moved to the County and established plants; there were from six to eight listed; within the last four years the qualified electors had increased from 8,000 to 13,000; that the 1940 census was 20,000 and the 1950 census showed a population of 31,-000; and there was testimony to the effect that the Mississippi University census of 1958 showed the population of county to be around 59,000. The testimony was to the effect that the fluctuation of workers in the area created quite a demand for moving. The appellee had been requested on several occasions to transport furniture from outside of Jackson County into the county and the appellee declined, due to the fact that he did not have the authority.

The appellant claims there was not substantial evidence and that the order was purely arbitrary and capricious.

In the case of Citizens of Stringer, etc. v. Gulf, Mobile & Ohio R. Co., 229 Miss. 1, 90 So. 2d 25, this Court held that there was a presumption in favor of the validity of the order of the Commission and that this Court will not substitute its judgment for that of the Commission. In the Stringer case, supra, the Court held: "Of course the power of a court of competent jurisdiction to review the order of the Commission to determine whether it is supported by substantial evidence or is purely arbitary and capricious is beyond question. Dixie Greyhound Lines, Inc. v. Miss. Public Service Commission, et al, 190 Miss. 704, 200 So. 579.

"* * * We recognize the well settled rule as announced in the case of Tri-State Transit Co. of La., Inc., v. Dixie Greyhound Lines, Inc., 197 Miss. 37, 19 So. 2d 441, that the findings of the Commission under Section 7815 of the Mississippi Code of 1942 are prima facie correct and that the reviewing court can not sub-

stitute its judgment for that of the Commission and disturb its findings where there is any substantial basis in the evidence for such findings, or where the ruling of the Commission is not capricious or arbitrary.''

We believe the cases cited on behalf of the appellant do not apply in this case wherein the appellee asked for an enlargement of his certificate of convenience and necessity for the transportation of household furniture from any point within the State of Mississippi to any point in Jackson County, does not embrace any particular route but is an enlargement of his rights to do contract hauling from different points rather than through any particular route. It appears from the record that thirteen companies had this right and we do not believe that there would be substantial injury to any of their rights by giving the same right to one additional carrier. █ We feel that the Commission was justified in granting this right due to the economic growth of Jackson County and the convenience and necessity created by this growth. Therefore, the order of the Commission and the holding of the Circuit is affirmed.

Affirmed.

*Lee, P. J.,* and *Arrington, Rodgers,* and *Jones, JJ.,* concur.