Morgan Drive-A-Way, et al. *v.* Lee, et al.

No. 42184 April 16, 1962 139 So. 2d 863

*Butler, Snow, O'Mara, Stevens & Cannada,* Jackson, for appellants.

894

*Chas. W. Pickering, Gartin & Hester,* Laurel, for appellees.

Jones, J.

Frank Lee and A. E. Ballard each filed an application with the Public Service Commission seeking a certificate of public convenience and necessity to operate as a restricted common carrier by motor vehicle, transporting mobile homes, or house trailers, between points and places in Mississippi over irregular routes and over all highways and roads in Mississippi.

After hearing, the certificates were granted, and on appeal the Circuit Court of Hinds County affirmed the orders of the Commission. The granting of the applications was contested before the Commission and before the Circuit Court by Morgan Drive-A-Way, Inc., and National Trailer Company, Inc., and they appeal here from the orders of the Circuit Court.

██ █ A. E. Ballard makes no appearance and we take judicial knowledge of the fact that as to him the order granting the certificate has been heretofore revoked by the Public Service Commission. This, however, makes no material difference here because all of the points raised are applicable to the petition of Frank Lee also.

██ █ The appellants claim there was no substantial evidence supporting the order of the Commission. The Commission heard evidence as to the estimated number of house trailers at various points in Mississippi, and as to the percentage thereof that were required to be moved monthly by vehicles other than the automobile of the owner. It also heard proof as to the increasing use of house trailers, the increased size thereof, and the fact that trailers were being made longer and wider so that many came to that size where the law prohibited the moving of same by ordinary motor vehicles. It heard testimony as to transient workers, particularly men working on oil rigs, and of the fact that when they are required to move they had to do so speedily; that there were three other carriers holding certificates of this nature, one with headquarters at Biloxi, one at Jackson, and one at Laurel; and the number and availability of the vehicles owned by these carriers was shown. They also heard testimony that on many occasions people desiring to be moved would be advised by those in the business that they could not move them for two or three days or more; that at some of the stations, the carriers had only one or two vehicles to answer calls and when these were away it was necessary to either wait for their return or call in vehicles from surrounding states. We think there was substantial evidence to support the finding of the Commission.

██ █ Appellants also contend that the existing carriers have not been called upon to render further additional services and that the Commission may not

lawfully grant the requested authority under "The Tri-States' Rule," until the existing carriers have been given such opportunity. The "Tri-State Rule" is announced in Tri-State Transit Company v. Dixie Greyhound Lines, Inc., 197 Miss. 37, 19 So. 2d 441, and is stated in the third syllabus of the Mississippi Report as follows:

"A certificate of public necessity and convenience should not be granted to a motor carrier where there is an existing adequate service over the route applied for, and if inadequate, unless the existing carrier has been given an opportunity to furnish such additional service as may be required (Code 1942, sec. 7633)."

This rule has been followed consistently by this Court insofar as the operation of carriers over regular routes over regular highways is concerned. It was not followed in the case of Movers Conference of Mississippi v. Long, 137 So. 2d 925, where the same authorities cited by appellants here were cited, and in which case the Court said:

"We believe the cases cited on behalf of the appellant do not apply in this case wherein the appellee asked for an enlargement of his certificate of convenience and necessity for the transportation of household furniture from any point within the State of Mississippi to any point in Jackson County, does not embrace any particular route but is an enlargement of his rights to do contract hauling from different points rather than through any particular route. It appears from the record that thirteen companies had this right and we do not believe that there would be substantial injury to any of their rights by giving the same right to one additional carrier. We feel that the Commission was justified in granting this right due to the economic growth of Jackson County and the convenience and necessity created by this growth."

■■ ■ In the present case there were only three authorized carriers of this type in the State with a limited amount of equipment and facilities, and this in a business which the Commission was justified in believing was increasing steadily. These certificates were for the operating of irregular routes with no schedule and to any point or place in Mississippi over any road or highway. In fact, we know as a matter of common knowledge that some workers may have their trailers situated in places where there are no public roads. They may be situated out in a field or in a swamp off the highway, though most of them will maintain their house trailers in or around a town or city near where they are employed for the time being. For these reasons, this Court holds that the ''Tri-State Rule'' is not applicable to this case.

■■ ■ The protestants also argue that the Commission erred in excluding the proffered testimony of H. A. Polk. Mr. Polk was the holder of a certificate similar to the one requested by applicants here. His headquarters were at Laurel. He filed no protest. The Public Service Commission has adopted a rule, which it had the power to do, requiring that anyone desiring to protest an application should file written protest a certain number of days prior to the hearing. Mr. Polk had filed no protest but he was present at the hearing, and the other protestants wanted to prove by him there was no necessity for the issuance of additional certificates and to show the facts relative to his operation. When Mr. Polk was offered as a witness objection was made because of the rule of the Commission. The Commission sustained the objection and would not permit him to testify.

The only authorities cited by appellants are rulings of the Interstate Commerce Commission. We do not consider these holdings by the Interstate Commerce Commission as binding on our local Commission. ■■ ■

We think they have the power to make their own rules and to enforce them.

Furthermore, we are of the opinion that the testimony of Mr. Polk, if admitted, would have been cumulative, in its ultimate aspect, to the other testimony offered by appellant.

 The appellants claim also that the Commission's orders do not contain sufficient ultimate findings of fact. The Commission found in its order "that the applicant, Frank Lee, is fit, willing, and able to perform the service set forth above and that the granting of the application herein is required and justified by the Public convenience and necessity." It then ordered that he, Lee, "be and he is hereby authorized to operate as a restricted common carrier of property by motor vehicle as is above set forth when he complies with all the applicable statutes, rulings and regulations of this Commission by filing the necessary bond, evidence of insurance in force, and by paying supervisory, inspection and tag fees as required by law." The secretary was then authorized to issue the certificate to the applicant. This order was dated July 14, 1959, and it will be noticed that it was effective when Frank Lee complied with all applicable statutes, rules, regulations, etc. The question of the necessity of findings by the Public Service Commission was involved in Illinois Central Railroad Co. v. Jackson Ready Mix Concrete, 137 So. 2d 542. Our Court there cited the Mississippi authorities that state agencies were not required to make a detailed finding of fact but that an ultimate finding was sufficient.

We are of the opinion that the findings of the Commission were sufficient and the case is therefore affirmed.

Affirmed.

*McGehee, C. J.,* and *Arrington, McElroy* and *Rodgers, JJ.,* concur.