RODGERS, Justice:
This is an appeal by Mr. and Mrs. James M. Barnett, owners of the Barnett Moving & Storage Company of Kosciusko, Mississippi, from a final judgment of the Circuit Court of the First Circuit Court District of Hinds County, Mississippi. The circuit court reversed an order of the Mississippi Public Service Commission granting the appellants a certificate of public convenience and necessity, authorizing the appellants to transport household goods from an area within a fifty-mile radius of Kosciusko to all points and places in Mississippi, and from all points in Mississippi to the fifty-mile area around Kosciusko, Mississippi. The appellee, Movers Conference of Mississippi, is composed of individuals and companies who have certified permits to operate as movers of household goods within the area in which the appellants seek a certificate to operate as a mover of household goods.
The appellants gave notice to the holders of (household moving) certificates of the hearing to be had before the Public Service Commission (hereinafter called “Commission”). The appellee appeared as representative of its members, and contested the appellants’ petition before the Commission.
At the hearing before the Commission, the appellants introduced fourteen witnesses, and appellee introduced ten of its members to testify against the petition of appellants. The testimony introduced on behalf of the appellants (hereinafter called “Petitioners”) shows that the area within a radius of fifty miles of Kosciusko, Mississippi is growing at a fast rate. Large, new factories are moving into the area. There is a tremendous growth as shown by the increased employment, home building, new jobs, economic expansion and movement of people into the area. The record shows that there is considerable movement of individuals not only by long distance transportation, but by intrastate transportation also. In fact, one of the protestants recognized the need of a local representative and the need for local service by asking the Commission to permit him to locate equipment and an office at Kosciusko, Mississippi. The city authorities of several towns located adjacent to Kosciusko filed resolutions asking the Commission to grant the petition of the Petitioners.
Members of the Movers Conference, on the other hand, offered evidence to show that they have the equipment to haul all household goods moving in the area, and that they have moved all household goods that they have been requested to move. They contended that to allow additional certificates of convenience and necessity to the Petitioners would violate their certificated rights to serve the area described in the petition, and that to allow additional permits would infringe on their rights to obtain the revenue that would be absorbed by new competition. The Petitioners offered evidence to rebut this defense theory by showing that the appellees had made little effort to serve the area, either by advertisement or solicitation, and that there were persons who sought to obtain movers of household goods. Moreover, it was shown that estimates of moving jobs were difficult to obtain from movers who were located a long distance from the area involved.
Upon appeal to this Court, appellee stands firmly upon the proposition that a certificate of public necessity and convenience should not be granted to an applicant where there is existing adequate service over the routes applied for, and if the service is found to be inadequate, a new certificate should not be granted until a certificated carrier is given an opportunity to furnish such additional service and equipment as is required to meet the public need. The appellee contends that this is the clear meaning of the rule established by this Court in Tri-State Transit Company of Louisiana v. Dixie Greyhound Lines, 197 Miss. 37, 19 So.2d 441 (1944). We agree *586 with this contention not only because of the rationale of that case, but because the Mississippi Legislature expressly admonished the Commission to “give due consideration to the present transportation facilities over the proposed route of the applicant, the volume of traffic over such route, the financial condition of the applicant, and the condition of the highway over the proposed route, or routes.” Miss. Code 1942 Ann. § 7642 (1956). On the other hand — does the rule in the Tri-State Transit Company case apply here?
It will be observed that the cases applying the rule of the Tri-State Company case are cases where the transportation certificate of public convenience and necessity extends over a given route. See Tri-State Transit Co. v. Dixie Greyhound Lines, 197 Miss. 37, 19 So.2d 441 (1944); Dixie Greyhound Lines v. American Buslines, 209 Miss. 874, 48 So.2d 584 (1950); Southern Bus Lines v. Mississippi Pub. Serv. Comm., 210 Miss. 606, 50 So.2d 149 (1951); TriState Transit Co. of La. v. Gulf Transport Co., 201 Miss. 744, 29 So.2d 825 (1947). This rule has also been applied to the existing routes served by public utilities. Mississippi Power Co. v. South Miss. Elec. Power Ass’n, 254 Miss. 754, 183 So.2d 163 (1966).
The rule established in the Tri-State Transit Company case has never been applied to irregular routes and areas for several reasons. The Tri-State Transit Company rule itself requires that the existing certificated carrier should be given an opportunity to furnish the additional service over the respective certificated routes. In the instant case there are apparently many carriers who have the certificated right to transport household goods within the area here involved. Which one of these carriers should the Commission require to serve Kosciusko? Is it practical to require all these certificated carriers to serve this area?
In the second place, section 7642, Mississippi Code 1942 Annotated (1956) applies to routes. The Commission is required by that section to give consideration to the volume of traffic over the proposed routes and the condition of the highways over the proposed routes, as well as the present transportation facilities. It would tax the Commission unduly to make a detailed study of every highway in Mississippi before granting a certificate to transport household goods over all the highways of Mississippi. Obviously the legislature did not intend to chop this state into areas so as to give transportation monopoly to a limited group of certificated movers.
We have pointed out previously that the Tri-State Transit Company rule does not apply to applicants for certificates of public convenience and necessity over irregular routes. Movers Conference of Miss. v. Long, 243 Miss. 214, 137 So.2d 925 (1962); Morgan Drive-A-Way v. Lee, 243 Miss. 891, 139 So.2d 863 (1962). Other states have also considered the question of certificated permits over irregular routes under statutes similar to the Mississippi statute, and have not required that the Commission apply a rule similar to the Tri-State Transit Company rule to irregular carriers.
In the case of Clark v. Public Utilities Commission of Ohio, 122 Ohio St. 57, 170 N.E. 654 (1930), the court pointed out that Ohio had a statute requiring that:
“ ‘On finding of the public utilities commission that any motor transportation company does not give convenient and necessary service in accordance with the order of such commission such motor transportation company shall be given a reasonable time, not less than sixty days, to provide such service before any existing certificate is canceled or a new one granted over the route mentioned in the finding and order of or hearing before the public utilities commission.’” (170 N.E. at 655.)
And the court said:
“While this court has heretofore recognized in many cases the necessity of ap *587 plying this section to regular routes operating between fixed termini over certain highways, it does not necessarily follow that the same construction is to apply as to irregular routes operating on all of the passable roads in the state, whether congested with travel or not, or in remote and unfrequented portions of the state where service is seldom, if ever, required.
“There are many reasons why the Legislature intended that the commission should require that upon the main traveled highways, with congested traffic over the regular routes, no additional service be granted, but that the service already granted should be brought up to the standard required. On the other hand, service over irregular routes to and from a fixed point in the state, over any of the passable highways of the state, is a matter which should be controlled with reference to the needs of the public residing in such community. It is the public good which should control, and not the profits of some present holder of a certificate.” (170 N.E. at 655-666.)
In McKee v. Public Service Commission, 124 W.Va. 10, 18 S.E.2d 577 (1942), the Supreme Court of Appeals of West Virginia pointed out that where a certificate of convenience and necessity was granted under an act of the legislature to a person to operate a taxi over the public highways from a stand in a particular town, city or other designated point, and over territory undefined or unrestricted, and not over any designated route or routes, the commission was not required to give the protestants an opportunity to remedy their service.
We have reached the conclusion that the Mississippi Public Service Commission has ample authority to add additional certificated movers and haulers in areas where conditions have changed, so that the public may be better served in a growing progressive area where the communities are rapidly expanding, or the Commission may permit existing certificated carriers to expand their facilities into such areas to serve the general public. This issue is for determination by the Mississippi Public Service Commission.
The only question left for our determination in the instant case is whether or not the Commission had substantial evidence before it on which to base its order granting the permit here involved, and we are of the opinion that it did have ample evidence to sustain its order. The judgment of the circuit court is hereby reversed, and the order of the Mississippi Public Service Commission is reinstated.
Reversed and rendered.
GILLESPIE, P. J., and JONES, BRADY and INZER, JJ., concur.