RODGERS, Justice:
This suit is based on an application of Louisiana Midland Transport Co., Inc., filed with the Mississippi Public Service Commission for a certificate of public convenience and necessity to grant a permit to transfer bulk cement from Natchez, Mississippi, to all points within the State of Mississippi. Hearin-Miller Transporters, Inc., having previously obtained the permit to transfer bulk cement, opposed the application filed by Louisiana Midland Transport Company, Inc. The Mississippi Public Service Commission held a hearing, and after having heard the evidence, the Commission entered an order denying the application of the petitioner; whereupon, the petitioner appealed to the Circuit Court of the First Judicial District of Hinds County, Mississippi. The appellant, Louisiana Midland Transport Co., Inc., filed a motion in that court requesting the court to “remand this cause to the Mississippi Public Service Commission for further proceedings, the taking of additional evidence and enlargement of the record herein.” The movant attached to this motion copies of the petition requesting an order permitting the sale of a portion of Hearin-Miller’s certificate and right to transfer bulk cement within Mississippi to certain other common carriers.
The circuit court overruled the motion of appellant to remand the appeal to the Public Service Commission and refused to permit the introduction of evidence with reference to the proceedings had before the Commission subsequent to the order denying the petition of appellant for certificate of public convenience and necessity.
We are of the opinion that the circuit judge was correct in overruling the motion *815 for two reasons. First — -Section 7683, Mississippi Code 1942 Annotated (1956), expressly states:
“ * * * All such appeals shall be taken and perfected, heard and determined on the record, including a transcript of pleadings and testimony, both oral and documentary, filed and heard before the Commission, and such appeal shall be heard and disposed of promptly in term time or in vacation by the court as a preference cause. * * * ”
See Dixie Greyhound Lines, Inc. v. Mississippi Public Service Commission et al., 190 Miss. 704, 200 So. 579, 1 So.2d 489 (1941).
Second — the purpose of the motion offered was to show (a) that there actually existed a public necessity and need for additional common carriers of cement in the area in which appellant sought to operate at the time the order was entered denying appellant’s application, or (b) that the Public Service Commission acted arbitrarily and capriciously in denying the application of petitioner to the end that the petitioner (appellant) had not been given equal protection of the law as required by the State and Federal Constitutions.
The fallacy in this proposition appears from the evidence sought to be introduced. This evidence shows that the Mississippi Public Service Commission authorized a sale of a portion of the certificate of the appellee. The evidence on which the motion to remand for the purpose of enlarging the record was based does not show that the Commission acted arbitrarily nor capriciously in denying the application of appellant. Moreover, the exhibits offered show that the transfer of certificated rights by the appellee occurred after the order of the Commission denying the application of appellant.
The appellant argues that the order of the Commission in the instant case creates a monopoly and, in effect, permits Hearin-Miller Transporters, Inc., to designate who shall be permitted to transport bulk cement in the State of Mississippi.
The Mississippi Legislature has expressed the “public policy” of this state with reference to motor carriers in clear and unequivocal terms so that its “highways may be protected from unreasonable, improper and excessive use; * * * that sound economic conditions * * * may be fostered; that the service by motor carriers may be adequate, economical, and efficient; that reasonable charges may be made therefor, without unjust discriminations, undue preferences or advantages, and unfair or destructive competitive practices; * * Section 7633, Mississippi Code 1942 Annotated (1956).
It is apparent that an administrative agency (Mississippi Public Service Commission) is cautioned by the Legislature not to grant monopolies under the guise of public necessity and convenience. On the other hand, the Commission must guard against “unfair or destructive competitive practices,” and at all times bear in mind that the state highways must be “protected from unreasonable and excessive use.” Section 7633, Mississippi Code 1942 Annotated (1956).
It is true, as pointed out by appellant, that we said in Barnett v. Movers Conference of Mississippi, Inc., 203 So.2d 584 (Miss.1967), that the rule expressed by the Tri-State Transit Co. case (Tri-State Transit Company of Louisiana v. Dixie Greyhound Lines, 197 Miss. 37, 19 So.2d 441 [1944]), did not apply to common carriers who had certificates permitting operation in large areas of this state. Nevertheless, we also pointed out in that same opinion (Barnett, supra) that the burden of determining the issue as to whether or not an additional certificate of public convenience and necessity should be granted was for the determination of the Mississippi Public Service Commission. We may also add here that, unless it is shown that the Commission has acted unfairly, arbitrarily, or capriciously, or has *816 made some legal error, or has acted contrary to the great weight of the testimony, the appellate courts will uphold and sustain the orders of the Commission.
In the instant case we cannot say that the Commission did not have substantial evidence on which to base its finding of fact denying the appellant’s application for a certificate of public convenience and necessity.
We find no error in the judgment of the circuit court in which it denied the motion of the appellant to remand the case to the Mississippi Public Service Commission for the purpose of taking additional testimony. This holding is not intended to foreclose or to deny such a procedure in proper cases.
We, therefore, affirm the judgment of the circuit court as to both issues submitted on appeal.
Affirmed.
ETHRIDGE, C. J., and BRADY, PATTERSON and SMITH, JJ., concur.