583 So.2d 200 (1991)
Joseph W. DUCKWORTH, Jr. and Booneville Discount Drugs, Inc.
v.
MISSISSIPPI STATE BOARD OF PHARMACY.
No. 90-CA-0389.
Supreme Court of Mississippi.
July 3, 1991.
*201 C. Michael Malski, Carnathan & Malski, Amory, for appellant.
Mike C. Moore, Atty. Gen., Stephanie L. Ganucheau, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and ROBERTSON and McRAE, JJ.
McRAE, Justice, for the Court:
The Mississippi Board of Pharmacy revoked Joseph Duckworth's pharmacist license as well as Booneville Discount Drugs' retail pharmacy permit. Duckworth appealed to the Chancery Court which, after a hearing, affirmed. Duckworth appeals and argues that: (1) the Board precluded effective judicial review by failing to make specific findings of fact; and (2) he was denied procedural due process when the Board's agents implied that the charges against them were not serious in nature. We affirm.

Statement of Facts
During a routine inspection of Booneville Discount Drugs, agents of the Board of Pharmacy discovered evidence of unprofessional conduct by the pharmacist and owner of the retail permit and store, Joseph Duckworth. The Board issued a complaint that charged Duckworth with maintaining drugs that had been diverted from the purpose for which they were distributed. These drugs were professional samples that were plainly marked "NOT TO BE SOLD".[1]
The complaint also charged Duckworth with failing to maintain all drugs in manufacturer's or repackager's original containers. This is important so that the expiration date and control lot numbers can be easily determined (in case of recall). Furthermore, expired drugs often loose their potency. For the unsuspecting patient, the dangers are obvious. Duckworth claimed to "know in his head" the expiration date on all of the improperly stored drugs. Incredulous, a pharmacy board member asked him if he was that good. Unchastened, he replied yes.
Among the improperly stored drugs were over 1,000 drug patches for various disorders, *202 over 25,000 tablets of several types, and an odd assortment of inhalers, Equagesic tabs, and bottles of medicine. Not surprisingly, these acts constitute unprofessional conduct as defined by Art. VIII, para. F(3) as well as Art. X para. 1, Regulations of the Mississippi Board of Pharmacy. See also, Miss. Code Ann. § 73-21-97 (1972)[2].
Duckworth attended the hearing without an attorney and admitted all the charges against him.[3] The Board revoked his license and the Booneville Pharmacy's retail license. The Chancery Court affirmed the Board's decision.

Analysis
The first assignment of error is that the Board precluded effective judicial review by failing to make specific findings of fact or articulating reasons to support its decision. This Court has held that:
The great weight of authority holds it to be better form for a fact finding administrative agency or commission to make a finding of facts on which to base an award or reject a claim.
Fortune Furniture Mfg. Co. Inc. v. Sullivan, 279 So.2d 644, 647 (Miss. 1973).
The Court noted that this is so because in a case where the evidence is adverse to the order of the commission, unless the commission makes a finding of fact, "the reviewing court is in the awkward position of trying to ferret out sufficient evidence from the record to avoid holding that the order of the commission is arbitrary and capricious or that it is based on substantial evidence." Id.
However, failure to make findings of fact alone is generally not cause for reversal. This Court has noted that a lack of the requisite findings of fact is not fatal where it is clear, from the circumstances, that the only defect is the tribunal's failure to recite expressly the facts found, but that it otherwise proceeded upon a correct theory of law, or where it is manifest that the omission does not impede proper review by the reviewing court. Mississippi Public Service Comm'n v. AAA Anserphone, Inc., 372 So.2d 259 (Miss. 1979); Morgan Drive Away v. Lee, 243 Miss. 891, 139 So.2d 863 (1962); Rivers Construction Co. v. Dubose, 241 Miss. 527, 130 So.2d 865, 870 (1961). See also Tricon Metals & Servs., Inc. v. Topp, 516 So.2d 236, 238 (Miss. 1987).
In Fortune Furniture, all of the evidence seemed contrary to the commissioner's findings. In this case, however, the situation is reversed: there was no conflicting evidence and therefore no real reason to make any findings of fact. Duckworth admitted to all the charges against him. Therefore the commission's failure to make findings of fact, standing alone, is not cause for reversal.
Duckworth's next assignment of error is that he was denied procedural due process when the Board's agent implied that the charges against him were not serious in nature.
Without a doubt, Duckworth was entitled to procedural due process at the hearing. See Wong v. Garden Park Community Hospital, Inc., 565 So.2d 550, 552 (Miss. 1990). It is undisputed that Duckworth received adequate notice and that he had a meaningful opportunity to be heard. Instead, he claims that, because one of the Board's agents implied that the charges were minor, and that he did not need an attorney, this deprived him of his right to retain counsel.
Certainly the right to retain counsel is considered part of the procedural due process guarantee, at least where, as here, the agency is engaged in the determination of a judicial question. Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). It is equally clear that the right is as crucial as adequate notice and fair hearing. Powell v. Alabama, 287 U.S. 45, 68-69, *203 69, 53 S.Ct. 55, 64, 77 L.Ed. 158 (1932) ("the right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel").
One treatise notes that while agencies rarely actively undertake to deny the right to counsel, they sometimes seek to discourage individuals from securing legal representation in pending matters. F. Cooper, State Administrative Law at 328-30 (1965). This practice led to the passage of statutes in some states that required the notice of hearing clearly indicate the existence of the right to retain counsel. Id. at nn. 26-28.
In this case Duckworth received notice that clearly highlighted his right to retain counsel. The notice also clearly stated that the charges, if proved, could result in suspension or revocation of his pharmacy license. His claim that the agent's implication coerced him into not retaining counsel is really an attempt to reconsider his decision not to retain counsel in the first place.
It would be difficult to characterize what happened here as coercion, even under a broad definition of that term. Duckworth testified at the hearing that Grantham, the pharmacy board inspector, delivered the complaint and notice of hearing. He continued:
A. When Grantham presented me, I suppose  I guess it was this document, I asked Mr. Grantham if I needed to take an attorney with me, and he said, "That's your choice. You may just want to go down and talk to them, though."
Of course, it is possible to imagine circumstances in which an appellant might be coerced in such a way as to be denied his right to retain counsel. These facts seem far from that, though, and, therefore, we affirm the Chancellor's judgment.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ., concur.
NOTES
[1] Duckworth admitted using alcohol to remove these words.
[2] Miss. Code Ann. § 73-21-97 (Supp. 1990) provides in pertinent part that:

The board may refuse to issue or renew, or may suspend, revoke, or restrict the license or permit of any person upon one or more of the following grounds:
(a) Unprofessional conduct as defined by the rules and regulations of the board.
[3] Duckworth claims that one of the inspectors told him that the proceedings in front of the Board were informal in nature and implied that an attorney would not necessary.