662 So.2d 1058 (1995)
James H. NELSON, D.V.M.
v.
MISSISSIPPI STATE BOARD OF VETERINARY MEDICINE.
No. 92-CA-00509-SCT.
Supreme Court of Mississippi.
October 19, 1995.
*1059 Thomas D. Keenum, Sr., Booneville, for appellant.
C. Michael Malski, Carnathan & Malski, Amory, for appellee.
Before DAN M. LEE, P.J., and SULLIVAN and PITTMAN, JJ.
DAN M. LEE, Presiding Justice, for the Court:
Dr. James H. Nelson, D.V.M. ("Nelson") was stripped of his license to practice veterinary medicine by the Mississippi State Board of Veterinary Medicine ("Board") for certain violations of Miss. Code Ann. § 73-39-19. Nelson, aggrieved by the Board's decision to revoke his license, perfected his appeal to the Prentiss County Chancery Court. Thereafter, both sides submitted appellate briefs to the chancellor, and subsequently, the chancellor affirmed the Board's decision. Nelson, aggrieved by the Board's order and the chancellor's subsequent affirmance of the Board's decision, appeals to this Court and assigns as error the following:
I. THE MISSISSIPPI STATE BOARD OF VETERINARY MEDICINE VIOLATED APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS AS WELL AS STATUTORY RIGHTS WHEN IT FAILED TO FURNISH APPELLANT WITH A STATEMENT OF THE CHARGES AGAINST HIM AND NOTICE OF THE PARTICULAR FACTS OR CONDUCT WHICH WARRANTED THE INTENDED ACTION OF REVOCATION AND THE ACTIONS OF THE BOARD SHOULD THEREFORE BE REVERSED.
II. THE ACTIONS OF THE MISSISSIPPI STATE BOARD OF VETERINARY MEDICINE WERE ARBITRARY AND CAPRICIOUS AND WERE NOT SUPPORTED BY SUBSTANTIAL EVIDENCE; THAT THE ORDER LACKS ANY FINDINGS OF FACT, IS OVERLY VAGUE, AND THE SAME SHOULD BE REVERSED.

STATEMENT OF THE CASE
Nelson was notified by the Board's attorney by certified letter that the Board would hold a formal hearing on Saturday, August 24, 1991, in Jackson, Mississippi, to determine whether or not his license to practice veterinary medicine should be suspended or revoked for certain violations of Miss. Code Ann. § 73-39-19 (1972). After a continuance was granted to Nelson, the Board convened in Jackson on September 21, 1991, at which time the Board heard testimony from four witnesses including Nelson and then adjourned to go into executive session to reach a decision. Upon completing its deliberations, the Board rendered its order revoking Nelson's license. Nelson, pursuant to Miss. Code Ann. 73-39-20 (1972), appealed the Board's revocation of his license to the Prentiss County Chancery Court.
Both Nelson and the Board submitted briefs to the chancery court and it appears that the appeal was submitted to the chancellor on the briefs alone. On April 23, 1992, the chancellor entered his Order and Opinion which affirmed the Order of Revocation by the Board. Nelson timely filed his notice of appeal with this Court, and therefore, this case is now properly before the Court.

*1060 STATEMENT OF THE FACTS
On or about June 28, 1991, Nelson along with J.J. Michael and Kerry Michael were arrested for possession of narcotics. Approximately one month after Nelson was arrested for possession of narcotics, he was notified by the Board, via registered letter, that he would face a formal hearing on August 24, 1991, at which time the Board would decide whether his license to practice veterinary medicine should be suspended or revoked. The complaint letter informed Nelson that the basis for revoking or suspending his license was his alleged violations of Miss. Code Ann. § 73-39-19(o) and (s). Nelson requested a continuance and the Board rescheduled his hearing for September 21, 1991. On September 21, 1991, Nelson's hearing was convened and four witnesses testified.
Testimony given at the hearing indicates that Nelson and J.J. Michael ("J.J.") became acquainted at some point during October of 1990, and it appears from testimony given at Nelson's hearing that J.J. inquired about working for Nelson in his clinic. Nelson and J.J. testified that he could not afford to pay her regularly but nevertheless, J.J. began to work around the veterinary clinic for Nelson. From this point on the witnesses' stories diverge in several areas.
J.J. testified that Nelson began to give her and her husband (Kerry) certain controlled drugs, i.e., Demerol, Valium, Diazepam, and Innovar, and that he sold Kerry bottles of Demerol. J.J. also claimed that Nelson began to give her injections of Demerol in February of 1991 and that at about this same time she began to have sex with Nelson in exchange for drugs.
Kerry, consistent with J.J.'s testimony, indicated that he had purchased Demerol from Nelson, and had also received Demerol, Diazepam, Talwin and Innovar from Nelson. On cross-examination Kerry was asked whether he had ever stolen drugs from Nelson. Kerry denied stealing any drugs from Nelson and reiterated his earlier testimony that Nelson had either given him or sold him the drugs he used. Kerry further testified that in addition to buying drugs from Nelson at his clinic, on two occasions he had gone to Nelson's home and purchased drugs from him.
Nelson took the stand and categorically denied selling Kerry and J.J. drugs. However, Nelson admitted that he was lax in maintaining security on his addictive drugs and that he realized that Kerry and J.J. were taking the drugs from his office, but did nothing to stop them. Nelson also admitted to having sex with J.J. but denied that he was trading drugs for her sexual favors. When questioned about his large purchases of Demerol, Nelson stated that he had used much of the Demerol to treat horses with colic. However, Nelson did not submit any documentation at the September hearing in Jackson to show that he had indeed used the large amounts of Demerol to treat the horses with colic.
At the close of all testimony, Nelson's attorney was allowed to make a short statement and then the Board adjourned to make its decision. After meeting and weighing the testimony, the Board decided by order dated September 21, 1991, to revoke Nelson's license to practice veterinary medicine. The Board found Nelson was guilty of:
(1) administering and dispensing narcotic drugs having addiction-forming, addiction-sustaining or habituating liability otherwise than in the course of legitimate professional practice, and
(2) dishonorable and unethical conduct likely to harm the public.

STANDARD OF REVIEW
This appeal of an administrative proceeding against a professional licensed by the State is subject to the following standard of review:
On judicial review, the Chancery Court does not proceed de novo, nor does this Court. Rather, the disciplinary agency's decision is insulated from judicial disturbance where it is supported by substantial evidence and is neither arbitrary nor capricious. The judicial eye looks to see whether a fair-minded fact finder might have found the evidence clear and convincing that the offense had occurred, and, where *1061 that may be said, we will not disturb the Board's judgment.
Riddle v. State Bd. Of Pharmacy, 592 So.2d 37, 41 (Miss. 1991) (citations omitted).

DISCUSSION

I. THE MISSISSIPPI STATE BOARD OF VETERINARY MEDICINE VIOLATED APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS AS WELL AS STATUTORY RIGHTS WHEN IT FAILED TO FURNISH APPELLANT WITH A STATEMENT OF THE CHARGES AGAINST HIM AND NOTICE OF THE PARTICULAR FACTS OR CONDUCT WHICH WARRANTED THE INTENDED ACTION OF REVOCATION AND THE ACTIONS OF THE BOARD SHOULD THEREFORE BE REVERSED.
Nelson argues on appeal that the Board's complaint letter dated July 29, 1991, was unconstitutionally vague because the letter did not inform him of specific "allegations or circumstances which were to be presented against him." Nelson also argues that the letter failed to comply with the statutory notice requirements found in Miss. Code Ann. § 25-43-13 (Administrative Procedures Act), and therefore, the Board's decision should be reversed. The Board counters and argues that Nelson did not raise the vagueness issue before the September 21, 1991, hearing, and because the issue was not raised before Nelson's hearing, this Court should not address this matter on appeal.
The section of the Mississippi Code that governs the suspension or revocation of a veterinarian's license provides:

No action to revoke or suspend a license of a veterinarian or certificate of an animal technician shall be taken until the respondent has been furnished a statement of the charges against him and has been mailed a written notice by registered mail at least ten (10) days prior to said hearing of the time, date and place of said hearing. (Emphasis added).
Miss.Code Annotated § 73-39-20 (1972). Likewise, Miss. Code Ann. § 25-43-13 (Administrative Procedures Act) which Nelson claims the Board violated, provides in relevant part:

No revocation, suspension, annulment or withdrawal of any license is lawful unless prior to the institution of agency proceedings the agency gives notice by mail to the licensee of facts or conduct which warrant the intended action and the licensee is given an opportunity to show compliance with all lawful requirements for the retention of the license. (Emphasis added).
In the case sub judice, the Board's notice contained a statement of the charges against Nelson, i.e., he was charged with violating Miss. Code Ann. § 73-39-19(o) and (s), and it informed Nelson that the Board was considering either suspending or revoking his license. The record also indicates that the letter was mailed to Nelson via registered mail more than ten days prior to his disciplinary hearing. Clearly, the Board's complaint letter of July 29, 1991, complies with the notice dictates of Miss. Code Ann. § 73-39-20 (1972).
Section 25-43-13 of the Mississippi Code Annotated provides that the licensee must be given notice by mail of the facts or conduct that warrant the suspension or revocation. In the case at bar, the Board's July 29, 1991 letter informed Nelson of the conduct for which the suspension or termination of his license was being sought, i.e., that he distributed or administered narcotic drugs outside of the legitimate confines of his practice and that he had engaged in unethical conduct in doing so. Accordingly, we find that the Board's complaint letter so to satisfies the dictates of Miss. Code Ann. § 25-43-13.
Nelson cites Miller v. State Board of Pharmacy, 262 So.2d 188 (Miss. 1972), to support his contention that he received insufficient notice of the charges to be brought against him. In Miller, the Board notified Miller that because he had failed to keep "adequate records," the Board would seek the revocation of his license. Id. at 189. Before Miller's revocation hearing was held, Miller's counsel requested that the Board supply him with specific instances and dates of his failure to keep "adequate records." The Board *1062 denied this request and at the hearing, one of the Board's witnesses testified to certain occasions when the pharmacist had refilled prescriptions, via a telephone call from the treating physician, for controlled substances and had not made a written record of the authorization of the prescribing physician for the refills. Id.
On appeal, this Court found that the statute Miller was charged with violating was vague and did not establish standards for keeping records and therefore, there was no standards to determine whether records had been kept "adequately" or not. This Court reversed and vacated the revocation of Miller's license and held that even if enforceable standards for record keeping had been lawfully established, Miller was entitled to know in what respects his records were inadequate. Id. at 190.
The case at bar is distinguishable Miller. First, the record indicates that Nelson was charged with specific conduct that warranted the revocation of his license, i.e., administering or dispensing narcotic drugs outside the ordinary course of his professional practice. Second, the record is devoid of any attempt made by Nelson or his attorney to get specific instances or facts from the Board in which Nelson is alleged to have administered or dispensed narcotic drugs illegally. Finally, the statute which Nelson is accused of violating is not vague. Accordingly, Nelson's reliance upon Miller is without merit.
The case at bar is analogous to that of Miss. State Bd. Of Nursing v. Wilson, 624 So.2d 485 (Miss. 1993). In Wilson, as in the case sub judice, the licensee claimed that he was denied due process. We rejected Wilson's argument and held that he was given ample notice of both the time and place of the disciplinary hearing, as well as notice of the specific charges used as a basis for revoking his license. We also noted that Wilson appeared at the hearing, testified in his own behalf, and was represented by counsel of his own choice. In addition, Wilson had the chance to present his own witnesses and cross-examine the witnesses appearing for the Board. Id. at 494-495.
In the case sub judice, Nelson was given ample notice of both the time and place of the disciplinary hearing. Nelson was also given notice of the charges against him. Nelson appeared at the hearing and testified. He had an attorney of his choosing and he called witnesses and cross-examined the Board's witnesses. Accordingly, we hold the requirements of both the Mississippi and United States Constitutions were satisfied in the case sub judice. Therefore, Nelson warrants no relief on this assignment of error.

II. THE ACTIONS OF THE MISSISSIPPI STATE BOARD OF VETERINARY MEDICINE WERE ARBITRARY AND CAPRICIOUS AND WERE NOT SUPPORTED BY SUBSTANTIAL EVIDENCE; THAT THE ORDER LACKS ANY FINDINGS OF FACT, IS OVERLY VAGUE, AND THE SAME SHOULD BE REVERSED.
Nelson's argument here is two-fold. First, Nelson argues that the Board should not have believed the testimony of two admitted narcotics abusers who were under "criminal narcotics charges." Second, Nelson argues that the Board's decision must be reversed because they failed to make specific findings of fact.
Nelson's first argument is that the Board's decision was arbitrary and capricious and not supported by substantial evidence. "In administrative proceedings against professionals licensed by the state, the disciplinary board or agency is charged to demand clear and convincing evidence of the offense." Riddle v. State Bd. Of Pharmacy, 592 So.2d 37, 41 (Miss. 1991); Mississippi Real Estate Commission v. White, 586 So.2d 805, 808 (Miss. 1991); State Board of Psychological Examiners v. Hosford, 508 So.2d 1049, 1054 (Miss. 1987). On judicial review, neither the chancery court nor this Court reviews the findings of the Board de novo. Instead, the Board's decision is insulated from being reversed where it is supported by substantial evidence and is neither arbitrary nor capricious. Riddle, 592 So.2d at 41; Duckworth v. Mississippi State Board of Pharmacy, 583 So.2d 200, 202 (Miss. 1991). The administrative agency is the trier of facts as well as the *1063 judge of the witnesses' credibility. Cf. Miller Transporters, Inc. v. Guthrie, 554 So.2d 917, 918 (Miss. 1989) (Worker's Compensation Commission is trier of facts as well as judge of the witnesses' credibility).
The question now before this Court is whether the evidence contained in the record was such that the Board could have found by clear and convincing evidence that Nelson, administered and or sold narcotics to the Michaels in violation of Miss. Code Ann. § 73-39-19(o) & (s). The evidence adduced at the hearing indicates that Nelson gave J.J. Demerol to give to Kerry, Nelson injected J.J. with Demerol, Nelson traded drugs to J.J. for sex, Nelson sold drugs to Kerry, and Nelson admitted that he knew the Michael's were taking drugs from his office and he did nothing to stop them.
On appeal, Nelson claims the Michaels' testimony was unreliable because the Michaels were "admitted narcotics abusers who were then under criminal narcotics charges." Nelson argues that because the Board's decision to revoke his license must have been based upon this "biased" testimony, the decision to revoke his license was arbitrary and capricious.
Nelson intimates that the Michaels had something to gain by testifying against him at the revocation hearing. Be that as it may, there is no evidence in the record to indicate that the Michaels lied under oath so that they would receive a lesser sentence in exchange for testifying against Nelson. After reviewing the record, we find nothing therein which would indicate that the Board's decision to revoke Nelson's license was not supported by substantial evidence or was arbitrary and capricious. Riddle, 592 So.2d at 41-42. Because the Board is charged with determining the credibility and weight to be afforded the witnesses' testimony, we hold that there was sufficient evidence before the Board to allow them to find by clear and convincing evidence that Nelson in fact violated Miss. Code Ann. § 73-39-19(o) and (s). Accordingly, this argument is without merit.
Finally, Nelson argues that the Board's decision must be reversed because the Board made ultimate findings of fact and not specific findings of fact. See State Board of Psychological Examiners v. Coxe, 355 So.2d 669 (Miss. 1978) (In proceedings before administrative agencies and boards, the record must be made for appellate review). The Board counters and argues that its finding of guilt is supported by the record and therefore, Nelson's argument is without merit. We agree.
This Court, in one of its most recent pronouncements on professional license revocation proceedings stated:
The order issued by the board setting forth its findings of fact and conclusions of law was adequate. While embellishment may have been preferable, any defect in this regard is certainly not fatal. The board, by virtue of paragraph 3 of its findings, found as a fact that Wilson was addicted to or dependent on alcohol or other habit-forming drugs, primarily cocaine, and that he engaged in conduct constituting a crime and conduct likely to deceive, defraud, or harm the public.
State agencies are not required to make detailed findings of fact. Ultimate factfinding is sufficient.
Miss State Bd. Of Nursing v. Wilson, 624 So.2d 485, 495 (Miss. 1993) (citations omitted). See also Duckworth v. Mississippi State Board of Pharmacy, 583 So.2d 200 (Miss. 1991) (Lack of requisite findings of fact not fatal where it is clear, from the circumstances, that the only defect is the tribunal's failure to recite expressly the facts found, but that it otherwise proceeded upon a correct theory of law, or where it is manifest that the omission does not impede the proper review by the reviewing court); Rivers Constr. Co. v. Dubose, 241 Miss. 527, 537, 130 So.2d 865, 869 (1961).
In the case at bar, it might have been preferable for the Board to embellish its findings of fact. In fact, this Court has recognized that it is a better practice for administrative agencies to adopt specific findings of fact. See Mississippi Public Serv. Comm'n v. AAA Anserphone, Inc., 372 So.2d 259, 264-65 (Miss. 1979). Notwithstanding our stated preference that an administrative board adopt specific findings of fact, we find that Nelson merits no relief on this point.
In its September 21, 1991 order, the Board found that Nelson was guilty of:

*1064 (1) Administering and dispensing narcotic drugs having addiction forming, addiction sustaining, or habituating liability otherwise than in the course of legitimate professional practice.
(2) Dishonorable and unethical conduct likely to harm the public.
In the case sub judice, the Board's determination of guilt is clearly borne out by the record. Both J.J. and Kerry testified that Nelson had either given narcotics to them or sold narcotics to them. Nelson certainly does not contest that he knew that the Michaels had been taking Demerol from his clinic for several months and that he did nothing to stop them. The only allegations in dispute is whether Nelson sold the drugs to the Michaels and whether Nelson traded drugs for sex with J.J. The record before this Court clearly supports the Board's ultimate finding that Nelson violated Miss. Code Ann. 73-39-19(o) and (s). Accordingly, the Board's failure to make specific findings in this case does not impede this Court's appellate review. See Duckworth, 583 So.2d at 202. Therefore, this assignment of error is without merit.

CONCLUSION
The complaint letter mailed to Nelson on July 29, 1991, met the notice requirements of Miss. Code Ann. § 25-43-13 (1972) and Miss. Code Ann. § 73-39-20 (1972). Likewise, the Board's complaint letter of July 29, 1991, afforded Nelson the requisite constitutional due process. Wilson, 624 So.2d at 494-495. Finally, we hold that the Board's decision to revoke Nelson's license was supported by substantial evidence and was not arbitrary or capricious. Riddle, 592 So.2d at 42. Accordingly, the Board's decision to revoke Nelson's license to practice veterinary medicine is hereby affirmed.
AFFIRMED.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.