SOUTHWICK, P.J.,
Dissenting:
¶ 17. With respect, I find that the majority on rehearing has not properly applied the statute that it employs to reverse. Moreover, on further review of the evidence in this case, I find sufficient support for the decision reached by the Commission on Marine Resources.[3] I would affirm.
*653 ¶ 18. The majority finds a statute that it quotes to be applicable when fact-findings by the Commission are deficient. The statute refers to an inability to resolve the appeal either because of improper exclusion of evidence at the Commission or because the record does not contain enough evidence “for the equitable disposition” by the appellate court. Miss.Code Ann. § 49-27-45 (Rev.2003). The clear thrust of this statute is that a case shall be returned to the Commission when the evi-dentiary record is insufficient to resolve the appeal. The majority never determines that to be the situation here. We are not requiring more evidence to be taken on remand. Instead, we reverse because we want the Commission to provide a better explanation of its decision. That clearly is error if this statute is the sole basis for the remand. I also find it to be error for other reasons.
¶ 19. I agree that improved guidance from the Commission would be useful. I disagree, though, that we are in a position to require it. Instead, an arguably lamentable rule has been adopted in Mississippi for review of administrative agency decision-making. That rule allows for cursory fact-finding. Though in other settings I have argued that the rule ought to be changed to bring us in .line with the usual and helpful practice of most states and of federal law, such a change is not for us to order. Southwick, Administrative Law, in 1 Encyclopedia of Mississippi Law §§ 2:66-2:68 (Jeffrey Jackson & Mary Miller ed.2001), discussing May v. Mississippi Bd. of Nursing, 667 So.2d 639 (Miss.Ct.App.1995) (mem.).
¶ 20. I will review the current state of the law. Findings of fact assist the appellate court to understand the application of the expertise of an agency to a specific evidentiary record. Unfortunately, the general rule in Mississippi administrative practice is that findings of “ultimate facts” are sufficient. Such fact-finding usually requires nothing more than brief statements that the statutory standard being applied has been met or violated.
¶ 21. Difficulty of reviewing the record of administrative agency decisions is a common problem addressed on several occasions by the Mississippi Supreme Court. See Duckworth v. Mississippi State Bd. of Pharmacy, 583 So.2d 200, 202 (Miss.1991). Lack of detailed findings does not by itself result in reversal. The Supreme Court’s consistent approach can be seen in a case in which the Court approved the use of boilerplate findings by the State Board of Nursing. Mississippi State Bd. of Nursing v. Wilson, 624 So.2d 485, 495 (Miss.1993). That form finding, which requires nothing from the Board and provides nothing to a court, is to state that the person charged is a nurse, that there was notice given, and that the nurse is guilty of the offenses charged. The offenses are not even restated in the findings, so the findings fit all cases. The Supreme Court restated the principle that “ultimate fact-finding” in the administrative process is adequate. Wilson, 624 So.2d at 495-96. The ultimate fact found was that Wilson had a drug addiction during the preceding ten years.
¶ 22. This is not the usual administrative review standard. The conventional rule is that there must be “express find *654 ings in support of an administrative determination, [which] follows as a corollary to the established principle that, in general, administrative action is subject to judicial review, and that the reason behind the rule requiring the findings of detailed facts is to enable the reviewing court properly to exercise its functions.” E.H. Schopflocher, Comment, “Necessity, Form and Contents of Express Finding of Fact to Support Administrative Determinations,” 146 A.L.R. 209, 234 (1943), cited with approval in Planters Bank v. Garrott, 239 Miss. 248, 275, 122 So.2d 256, 265 (1960). The usual rule also holds that “[e]ven if the evidence in the record, combined with the reviewing court’s understanding of the law, is enough to support the order, the court may not uphold the order unless it is sustainable on the agency’s finding and for the reasons stated by the agency.” 2 Kenneth Culp Davis, Administrative Law Treatise § 14:29, at 128 (1980).
¶23. Ultimate fact-finding remains in Mississippi the only required statement supporting agency action. Appellate review then proceeds in this manner:
The reviewing court is “only to determine whether substantial evidence supports the agency’s decision and whether the agency exercised its discretion reasonably and with due consideration.” 2 Am.Jur.2d Administrative Law § 537 Substantial Evidence Standard (1994). Substantial evidence is “more than a mere scintilla of evidence” or “something less than a preponderance of the evidence but more than a scintilla or glimmer.” Id.
Mississippi Dep’t. of Envtl. Quality v. Weems, 653 So.2d 266, 280-81 (Miss.1995). Even so, the court encourages the adoption of meaningful findings of fact by saying “it is better practice.” See, e.g., Mississippi Public Serv. Comm’n. v. AAA Anserphone, Inc., 372 So.2d 259, 264 (Miss.1979).
¶ 24. Though this is the usual rule, an agency-specific statute could require more useful fact-findings. The Commission of Marine Resources must make these findings:
The commission shall state, upon its record, its findings and reasons for all actions taken pursuant to Sections 49-27-23 through 49-27-37 .... When a permit is refused, the commission shall describe the public interest which would be adversely affected by granting the permit.
Miss.Code Ann. § 49-27-35 (Rev.2003). The only specific requirement is that the Commission describe the public interest that would be adversely affected by a permit. The Commission staff concluded the following about the public interest:
this project would severely impact coastal resources and that alteration of the coastal wetlands at this site would be permanent and would not serve a higher public interest as is required by the Mississippi Code.
This conclusion was adopted by the Commission. This is not much, but I find it to be enough. The statute defines public interest in the terms that the Commission used: public policy favors “the preservation of the natural state of the coastal wetlands and their ecosystems and to prevent the despoilation and destruction of them.... ” Miss.Code Ann. § 49-27-3 (Rev.2003)
¶ 25. The statute on the contents of the agency ruling more generally requires that “findings and reasons ” must be stated. It might be argued that this is a requirement of a broad-based explanation by the Commission. That would be a radical departure from usual Mississippi administrative law. The word “reasons” would have to bear the entire weight of a requirement *655 that the Commission write detailed findings on the evidentiary facts needed to uphold the decision. The statutory language is too weak to support such a change. I conclude that the Commission has stated the mandated findings and reasons when it adopted the recommendation of its staff to deny the permit request because of the various defects that the staff noted.
¶26. The statutes on review of Commission decisions also imposes the general judicial review requirements that the decision of the administrative body is to be upheld when, among other rules, it is supported by substantial evidence, consistent with statute, and is neither arbitrary nor capricious. Miss.Code Ann. § 49-27-39 (Rev.2003). The statute on which the majority relies to remand is by its clear terms inapplicable to problems with fact-finding. It does, though, require a remand if there is inadequate evidence in the record to make an informed judgment on the merits of the appeal. Miss.Code Ann. § 49-27-45 (Rev.2003). This hardly means that we remand if all the evidence offered was admitted and there still is not enough to support the Commission’s decision. Instead, if the “equitable disposition” of the appeal is impossible without a remand for more evidence, then we remand. So I examine the evidence, both to determine whether an equitable disposition is possible and if so, whether we should dispose by affirming or reversing.
¶ 27. In my review of the record, I find this evidence:
(1) The area to be filled was 1.64 acres of “high-quality, tidally-influenced marsh consisting primarily of Juncus roemerian-us;” the land to be filled was adjacent to a national wildlife refuge and to the National Estuarine Research Reserve;
(2) The filling of the marsh was to be mitigated by thinning of pines and a ten-year fire program, which was said to be useless ecologically; mitigation by methods not directly related to the effect on the ecological system by the action covered by the permit was a bad precedent.
¶ 28. Some of the statements in the record were first offered by other entities like the U.S. Department of the Interior or the private Nature Conservancy. Still, I find that the Commission adopted them as part of the basis for its decision. There was adequate evidence and explanation.
¶ 29. So long as ultimate facts are stated, it is improper to remand to an administrative agency for more fact-finding. Cursory or perfunctory findings are of little utility to a court when it performs the judicial review function. That is why the requirements of agency fact-finding ought to be re-examined. For us though, and based on our appellate review obligations, the legal requirements for agency fact-finding are beyond change. I would affirm.
LEE AND GRIFFIS, JJ., JOIN THIS SEPARATE WRITTEN OPINION.

. There is in Mississippi both a Department of Marine Resources and within that Depart *653 ment, a Commission on Marine Resources. The Department is "to manage, control, supervise, enforce and direct any matters pertaining to saltwater aquatic life and marine resources under the jurisdiction of the commission.” Miss.Code Ann. § 49-15-11(1) (Rev.2003). The Department is shown as the party on this appeal to enforce the Commission's decision.