FRIEDHOF *v.* CITY OF BILOXI, MISSISSIPPI

No. 40564          November 11, 1957          97 So. 2d 742

*J. D. Stennis, Jr.,* Biloxi, for appellant.

*Thomas J. Wiltz,* Biloxi, for appellee, City of Biloxi.

I. Attorney for the City of Biloxi adopts the brief filed on behalf of the appellant in this cause.

*Rushing & Guice,* Biloxi; *Wallace & Greaves, Bidwell Adam,* Gulfport, Amici Curiae for appellee.

ROBERDS, P. J.

This proceeding involves the validity of a resolution of the City of Biloxi, Mississippi, purporting to dismiss a suit of the City against R. Hart Chinn and one against J. A. Creel. The learned circuit judge held the resolution valid and effective and dismissed said suits without prejudice.

The question is grounded in this setting: On August 6, 1954, a resolution was adopted by the City, finding that the City had suffered heavy financial losses as a result

of budget excesses, illegal expenditures, and failure to keep proper records by officials of the City, and it engaged attorneys and instructed them to investigate and institute court proceedings to recover such losses from the past or present officials "as may be necessary." Quave, the Mayor, and Short, a Commissioner, voted for passage of this resolution. J. A. Creel voted against passage. Pursuant to that resolution two separate suits were instituted in the Chancery Court of Harrison County, Mississippi, April 20, 1955, against R. Hart Chinn, former Mayor of Biloxi, and J. A. Creel, then a Commissioner and also a former Commissioner of said City, and their bondsmen.

On October 8, 1955, these suits, on motions of defendants, were transferred to the circuit court of said county. On November 7, 1955, declarations were filed in the circuit court against said parties to recover said sum.

On April 19, 1956, the City adopted a resolution authorizing, empowering, and directing the attorneys to cause to be dismissed, with prejudice, the suits then pending in the circuit court against Chinn and Creel. Quave, Mayor, voted against passage of this resolution. Commissioners Carl Short and J. A. Creel voted for passage of the resolution. This is the resolution which is under attack. On April 27, 1956, Theo Friedhof, as a citizen and taxpayer of Biloxi, filed a petition with the Mayor and City Commissioners, protesting the passage of the resolution of April 19, 1956, and requesting an appeal from that action to the circuit court of the county upon his executing bond in such sum as the city officials might fix. The appeal was granted and perfected.

On May 4, 1956, the circuit judge, pursuant to the resolution of April 19th, dismissed both suits without prejudice. From the holding of the circuit court that the resolution of April 19th was valid and effective, Friedhof appealed to this Court.

It will be noted that the resolution of April 19th would not have been adopted except for the vote of Creel. Suits by the City of Biloxi were then pending against each Chinn and Creel in an effort to recover $339,679.22. Creel, of course, was most vitally interested in having the suits dismissed. In 37 Am. Jur., p. 681, Section 67, this rule is announced: "It is thoroughly established that a member of a municipal council who has a direct personal interest in a matter coming before the council is not eligible to vote thereon. Some jurisdictions have adopted the view that the fact that a member is disqualified by interest does not necessarily invalidate the action of the council if his vote is not necessary to a majority. On the other hand, it has been held that if his vote is determinative in favor of action in his interest, such action is void." Many cases are cited in support of the stated rules. See also statement of the rule as it appears in 62 C. J. S., p. 761, Section 402. We need not announce what the rule in Mississippi would be had the action of Creel not been determinative of the passage of the resolution. Passage of the resolution was the direct result of his vote. Without his vote the resolution would not have been adopted. In voting for passage of the resolution, he was voting for the interest of himself and Chinn and against the interest of the City on the face of this record. He could not serve two masters—himself and the City. It was his duty to serve the City. He served himself and Chinn.

But it may be said that Chinn was not an official of the City when the resolution was adopted and that he did not vote on the resolution and that, therefore, as to him the resolution is valid and legal. In 37 Am. Jur., p. 795, Section 167, it is said: "The whole of an ordinance will be declared void and of no effect where such ordinance is entire, each part having a general influence over the rest, and a particular provision thereof is void." We think this rule applies to the resolution under con-

sideration. It deals with both lawsuits as a unit. It recites that attorneys were engaged to bring both suits and they were paid $300 as a retainer fee in each case. It then describes the course taken by the lawsuits until they got into the circuit court. Both suits were for the same amount, and were grounded upon the same alleged misfeasance and malfeasance of Chinn and Creel as officials of the City. The resolution recited that the "expenditures" to recover which the suits were filed had been paid by the City. The suits were ordered to be dismissed with prejudice, which meant that all liability of Chinn and Creel to the City, if any, had been settled in their favor and against the City. The resolution directed the attorneys who had been engaged to, and who did, bring the suits to submit to the City Board for payment a bill for the court costs which had been incurred and for the services and expenses of these attorneys in both suits. The resolution under consideration expressly undertook to rescind the resolution adopted in August 1954, authorizing the proceedings against Mr. Chinn and Mr. Creel. It is clear that the subject matter and objectives of the resolution of April 19th, and the mutual interests of Chinn and Creel, are so interwoven and intertwined, that the provisions of the resolution as applied to the parties are not separable, and that because of the vote of Creel the resolution of April 19th is void both as to Creel and Chinn.

Reversed and remanded for entry of judgment by the circuit court holding the resolution of April 19, 1956, to be void, and certifying such judgment to the Mayor and Commissioners of the City of Biloxi as provided by Section 1195, Miss. Code 1942. See Lee County Drys v. John R. Anderson, 231 Miss. 222, 95 So. 2d 224.

Reversed and remanded.

*Hall, Kyle, Arrington* and *Gillespie, JJ.*, concur.