733 So.2d 842 (1998)
CITY OF OLIVE BRANCH BOARD OF ALDERMEN, Appellant,
v.
Homer BUNKER, Appellee.
No. 97-CA-01012 COA.
Court of Appeals of Mississippi.
November 24, 1998.
Rehearing Denied February 9, 1999.
Certiorari Denied May 6, 1999.
*843 Gary P. Snyder, Olive Branch, Attorney for Appellee.
William P. Myers, Hernando, Attorney for Appellee.
Before THOMAS, P.J., KING, and SOUTHWICK, JJ.
SOUTHWICK, J., for the Court:
¶ 1. Homer Bunker filed an application for a conditional use permit for a mini-warehouse in Olive Branch. The City Planning Commission granted the permit with a five year time limitation. Bunker and several individuals opposing the permit appealed to the Board of Aldermen. The Board denied the permit, and Bunker appealed to the circuit court. The court reversed and ordered the Board to issue the permit without any time limitation. The Board appeals to this Court asserting that it acted within its proper range of discretion. We agree and therefore reverse and render.

STATEMENT OF FACTS
¶ 2. On July 17, 1996, Homer Bunker filed an application for rezoning and a request for a conditional use permit to construct a mini-warehouse on property he owned in Olive Branch, Mississippi.[1] The conditional use permit Bunker sought was available only if the property was placed in commercial zoning. The Planning Commission conducted a public hearing and agreed to rezone the property from industrial to commercial use. The Board of Aldermen on appeal upheld the rezoning following a hearing on September 17, 1996. That decision has not been appealed.
¶ 3. After the rezoning was granted, the Planning Commission entertained Bunker's request for a conditional use permit. The Commission heard testimony from Bunker and several landowners who opposed the issuance of the permit. At the conclusion of the hearing, the Commission granted Bunker a conditional use permit but placed a five year limitation on the permit. Both sides appealed to the Board of Aldermen.
¶ 4. On December 3, 1996, the Board held a public hearing. Bunker asserted that the building would be in full compliance with all city requirements and would not adversely affect the development of the surrounding area. A representative from the Planning Commission supported these assertions. Conversely, several nearby landowners, including the owner of a storage facility nearby, expressed concern over the effect the facility would have on the long range development of the area. After hearing testimony from both sides, the Board voted 3-2 to deny the conditional use permit.
*844 ¶ 5. Bunker perfected an appeal to circuit court. The court held that the Board "failed to fairly evaluate the evidence presented by Bunker" and concluded that the Board's denial of the permit was arbitrary and capricious. The Board was ordered to issue the permit without any time limitation. The Board has appealed here.

DISCUSSION

I. Denial of the conditional use permit

A. Substantial evidence
¶ 6. While zoning ordinances are legislative acts, conditional use permits are adjudicative in nature. An individual seeking a conditional use permit bears the burden of proving by a preponderance of the evidence that he has met the elements necessary to obtain a permit. Barnes v. Board of Supervisors, 553 So.2d 508, 510-11 (Miss.1989). The Board's decision to grant or deny a permit is binding on an appellate court if it is supported by substantial evidence. Id. at 511. In reviewing the Board's decision, we will not reverse unless the decision was "unsupported by substantial evidence; was arbitrary or capricious; was beyond the [Board's] scope or powers; or violated the constitutional or statutory rights of the aggrieved party." Board of Law Enforcement Officers Standards & Training, 672 So.2d 1196, 1199 (Miss. 1996).
¶ 7. The Olive Branch Zoning Ordinance sets forth several considerations for the Planning Commission to consider with reference to conditional use permits. Article Ten of the ordinance provides in part:
The Planning Commission will investigate all aspects of the application giving particular regard to whether such building use will:
a. Substantially increase traffic hazards or congestion.
b. Substantially increase fire hazards.
c. Adversely affect the character of the neighborhood.
d. Adversely affect the general welfare of the county.
e. Overtax public utilities or community facilities.
f. Be in conflict with the Comprehensive Plan. If the findings by the Planning Commission relative to the above subjects are that the county would benefit from the proposed use and the surrounding area would not be adversely affected, then such permits, shall be granted.
¶ 8. During the hearing before the Board of Aldermen, Bunker presented evidence concerning these criteria. He produced a drawing of the proposed storage facility and suggested that a bank may locate on the adjacent lot. Bunker noted that the City would benefit from the ad valorem and income tax generated by such a business. He also described the impact that a comparable warehouse had on Horn Lake, Mississippi. He asserted that the warehouse would not affect the flow of traffic, create a fire hazard, or over burden the utilities or local facilities.
¶ 9. Gene Phillips, the City Planning Director, informed the Board that the Planning Commission unanimously approved Bunker's application. He stated that the construction of the warehouse on the property would not adversely affect the surrounding area. Moreover, Phillips asserted that the City would benefit from the proposed use of the property. He informed the Board that he recommended a time limitation on the permit because the zoning ordinance required such a limitation.
¶ 10. The nearby landowners, who objected to the construction of the warehouse, contested the effect the facility would have on the neighborhood and the City. Randy Voyles and Barry Carter, who own a mini-warehouse down the street, stated that they built the facility towards the back of their property. They contended that each incurred a great deal of expense by constructing the facility away from the street because they envisioned a *845 major retail office area. Additionally, Dr. Jones, who owned property across the street, stated that he "would prefer a more high class building across from [him]." A letter written by another neighbor, Dr. Elton Harris, which had been introduced at the Planning Commission meeting was submitted. Finally, Alderman Collins stated that he lived directly across from Bunker's property. He asserted that "[r]ight now it looks to me like it would adversely affect the way the neighborhood is going."
¶ 11. The opponents to the construction of the storage facility also introduced a letter from Tom Papa, a real estate developer and the owner of mini-warehouses in Southhaven and Jackson. He stated that he was familiar with Bunker's development plans and recommended that the Board deny the conditional use permit. His opinion was that the mini-warehouse would be a deterrent to growth in the surrounding area.
¶ 12. A majority of the Board voted to deny the permit after concluding that the mini-warehouse facility would adversely affect the neighborhood and would not benefit the City. If substantial evidence was introduced that supports this decision, the circuit judge's reversal would be improper.
¶ 13. Substantial evidence is "more than a mere scintilla of evidence" or "something less than a preponderance of the evidence but more than a scintilla or glimmer." Mississippi Dept. of Envtl. Quality v. Weems, 653 So.2d 266, 280-81 (Miss.1995). It may be said that it "means such relevant evidence as reasonable minds might accept as adequate to support a conclusion. Substantial evidence means evidence which is substantial, that is, affording a substantial basis of fact from which the fact in issue can be reasonably inferred." Delta CMI v. Speck, 586 So.2d 768, 773 (Miss.1991) (quoting State Oil & Gas Bd. v. Mississippi Min. & Roy. Own. Ass'n, 258 So.2d 767 (Miss.1971)).
¶ 14. The supreme court has recognized that a hearing before a board of aldermen "should be an informal nonadversary proceeding in which the rules of evidence are not applicable. This is ... to provide the governing authorities with as much information as possible concerning regulations which vitally affect the community at large as well as individual landowners...." Board of Aldermen of Bay Springs v. Jenkins, 423 So.2d 1323, 1327 (Miss.1982).
¶ 15. Although Jenkins involved a zoning issue, it is instructive on the evidence which a municipal board may properly consider in making a determination regarding the issuance of a conditional use permit. The court held that the mayor and board are authorized to "consider the statements expressed by all the landowners at the hearing, as well as to call upon their own common knowledge and experience in their town. It is manifest that the Mayor and Board took into consideration all statements, both sworn and unsworn, and their common knowledge and familiarity about their small municipality, in reaching their decision...." Id.
¶ 16. In the present case the circuit judge concluded that Bunker had "me[t] his burden and the Board elected to disregard his evidence and to be persuaded by witnesses who, in most part, were objecting because of the fear of competition or some other personal reason." Review by any appellate court, which was the role of the circuit court in this case, is limited to the record. The appellate court may not reweigh the facts nor may it substitute its judgment for that of the lower tribunal. Mississippi Comm'n on Envtl. Quality v. Chickasaw County Bd. of Supervisors, 621 So.2d 1211, 1216 (Miss. 1993). That tribunal is the trier of facts as well as the judge of the witnesses' credibility. Nelson v. Mississippi State Bd. of Veterinary Med., 662 So.2d 1058, 1062-63 (Miss.1995). So long as substantial evidence exists, an agency's fact finding must be allowed to stand "even though there might be room for disagreement on that issue." Chickasaw County, 621 So.2d at 1216.
*846 ¶ 17. The evidence against granting the conditional use permit included the statements of four landowners and a letter from Tom Papa, a real estate developer familiar with Olive Branch and other comparable communities. The board members' own knowledge was properly considered. It is true that Alderman Collins, a neighborhood landowner, was the deciding vote, as the Board voted 3-2 to deny the permit. The supreme court has held that when a city councilman has a personal and direct stake in the outcome of a vote, it can be a basis to invalidate the decision. Friedhof v. City of Biloxi, 232 Miss. 20, 97 So.2d 742, 743 (1957). A city official's living within relatively close proximity to a proposed zoning change or use permit proposal may well be a frequent occurrence. Depending on the impact on the official, recusal may be in order. Alderman Collins did not have such a direct stake in the outcome of the hearing that the action of the Board taken due to his vote was void.
¶ 18. What in essence was the fulcrum upon which this decision turned was whether the community would benefit from the proposed warehouse and the surrounding area would not be adversely affected. That is a subjective decision, based on evidence that permits conclusions to be made about the future. Such conclusions necessarily have some speculative content. The evidence presented in opposition to the issuance was more than a "mere scintilla" and supported the Board's denial of the conditional use permit. The circuit judge was incorrect in reversing the decision of the Board.

B. Arbitrary and capricious
¶ 19. The circuit judge found that the Board's denial of the conditional use permit was "arbitrary and capricious," as the Board failed fairly to consider the evidence that Bunker presented. Having found that the decision that the use would have an adverse impact was based on substantial evidence, we also find that refusing a conditional use permit because it fails to satisfy one of the properly adopted criteria for its issuance is neither arbitrary nor capricious.

II. Time limit on the conditional use permit
¶ 20. The Board also complains that the circuit judge's issuance of the conditional use permit with no time limit was improper, as the city ordinance requires a time limit when such permits are issued. This issue is now moot since we have upheld the denial of the permit.
¶ 21. THE JUDGMENT OF THE DESOTO COUNTY CIRCUIT COURT IS REVERSED AND RENDERED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLEE.
BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, AND PAYNE, JJ., CONCUR.
NOTES
[1] Bunker earlier had filed an application for rezoning and a conditional use permit in April 1996. The Planning Commission approved. On appeal the Board of Aldermen agreed to rezone the property and grant the permit. Several landowners appealed to the circuit court. Before the court acted, Bunker withdrew his application and the Board rescinded its orders, apparently based on a defect in the earlier proceedings and/or evidence.