# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-02092-SCT

*MISSISSIPPI MANUFACTURED*
*HOUSING ASSOCIATION*

*v.*

*BOARD OF ALDERMEN*
*OF THE CITY OF*
*CANTON, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/27/2002 |
| TRIAL JUDGE: | HON. SAMAC S. RICHARDSON |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | POWELL G. OGLETREE, JR. |
| ATTORNEY FOR APPELLEE: | WESLEY THOMAS EVANS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 04/15/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER AND COBB, P.JJ., AND GRAVES, J.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     The Mississippi Manufactured Housing Association (MMHA)[1] filed a bill of exceptions

in the Circuit Court of Madison County appealing the decision of the Board of Aldermen of

the City of Canton to adopt a zoning ordinance and map restricting manufactured housing

---

[1]MMHA is a Mississippi nonprofit corporation serving the manufactured housing industry in Mississippi. MMHA's membership includes retail dealers, manufacturers, community/park owners, service/supply companies, lenders, insurers, developers and friends of the industry. MMHA contends that it is the single voice of the manufactured housing industry in Mississippi. One of MMHA's goals is to educate the public and government officials concerning the quality, safety, and affordability of manufactured homes.

developments in the City. The circuit court dismissed MMHA's bill of exceptions, finding that MMHA did not have standing to challenge the Board's decision. MMHA appeals. Finding that MMHA has standing to challenge the City's zoning decision, we reverse the circuit court's judgment and remand for further proceedings.

**FACTS**

¶2.    In anticipation of the new Nissan plant and the increase in population that would accompany it, the City of Canton reviewed its comprehensive plan, zoning map and zoning ordinances. On August 7, 2001, the City held a public hearing on the proposed zoning ordinance. At the hearing, the MMHA, a non-profit corporation that represents the manufactured housing industry in Mississippi, objected to any attempts to create or divide residential zones based on building construction methods or types.

¶3.    The executive director of the MMHA made a presentation to the Board of Aldermen and the Mayor about manufactured housing. Two attorneys representing the MMHA were also allowed to speak before the Board and the Mayor. The Board voted to approve the comprehensive plan.

¶4.    MMHA filed a bill of exceptions asking the court to set aside the city's decision. The circuit court heard oral argument on the City's motion to dismiss and dismissed MMHA's bill of exceptions, finding MMHA did not have standing to challenge the Board's decision. The circuit court's order stated:

> This court finds Belhaven Improvement Association Incorporated vs. City of Jackson, 507 So.2d 41 (Mississippi 1967) (sic) is the controlling case authority. The Supreme Court of this State found that the Homeowner's Association did in fact have standing to sue or participate in the process. It is evident that the Belhaven

2

Association had members who were residents and landowners of the area in question. In the instant case, this is not so. Mississippi Manufactured Housing Association does not own property in the area and its members are not residents of the area. The interest of Mississippi Manufactured Housing Association appears to be strictly pecuniary in nature and that is to further the sales of its members who are manufacturers of a certain type of housing unit. The interest of these manufacturers may not be in the best interest of the City of Canton or its citizens or in the orderly logical development of the highest and best use of available land, but quiet (sic) likely lies in their interest in their own profit or bottom line. It is the opinion of this Court that the associations/persons intended to be afforded standing to sue were associations/persons who had some property interest in the affected area. Those are the associations/persons who would be directly harmed or injured by legislative actions of governing authorities and thereby would be the ones who could or would suffer an adverse effect different from the general public. . . . The Court also recognized and relied on the Federal View- "Thus we have recognized that an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interest it seeks are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members of in the lawsuit. <u>Belhaven vs. City of Jackson</u>. None of the above requisites are found in the case at bar.

¶5.     MMHA appeals, contending that it is an aggrieved party with standing to challenge the City's zoning decision. It also argues that the City waived its objection as to MMHA's standing and that the City is judicially estopped from raising the issue of MMHA's standing.

## DISCUSSION

¶6.     A motion to dismiss raises an issue of law. ***Burgess v. City of Gulfport***, 814 So. 2d 149, 151 (Miss. 2002) (collecting authorities). We review questions of law de novo. ***Id***. (citing ***T.M. v. Noblitt***, 650 So. 2d 1340, 1342 (Miss. 1995)). When considering a motion to dismiss, the allegations in the complaint must be taken as true, and the motion should not be

3

granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of his claim. *Id*. at 1342.

### I. WHETHER MMHA HAS STANDING TO APPEAL THE CITY'S ZONING DECISION.

¶7. Miss. Code Ann. § 11-51-75 (Rev. 2002) states "any person aggrieved by a judgment of . . . municipal authorities . . . may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment."

¶8. Mississippi's standing requirements are more relaxed than the stringent case or controversy requirements for standing in federal courts under Art. III, § 2 of the United States Constitution. *Burgess*, 814 So. 2d at 152-53. In Mississippi, parties have standing to sue when they assert a colorable interest in the subject matter of the litigation or experience an adverse affect from the defendant's conduct. *Id*.

¶9. In *Belhaven Improvement Ass'n, Inc. v. City of Jackson*, 507 So. 2d 41 (Miss. 1987), we addressed the issue of whether a neighborhood improvement association had standing to appeal a city's zoning decision on behalf of members of the neighborhood. The circuit court dismissed the appeal, finding that the society was not an aggrieved party because it did not own any property or have an interest in any property that would be affected by zoning. We noted that jurisdictions throughout the country were divided.

¶10. Some jurisdictions have adopted the New York rule, which requires a court to consider four factors: (1) the capacity of the organization to assume an adversary position, (2) the size and composition of the organization as reflecting a position fairly representative of the community or interest which it seeks to protect, (3) the adverse effect of the decision sought

4

to be reviewed on the group represented by the organization as within the zone of interests sought to be protected, and (4) the availability of full participating membership in the organization to all residents and property owners in the relevant neighborhood. *See Douglaston Civic Ass'n v. Galvin*, 36 N.Y.2d 1, 364 N.Y.S.2d 830, 324 N.E.2d 317 (1974).

¶11.    Other jurisdictions have adopted the federal rule.[2] An association has standing to bring suit on behalf of its members when (1) its members would otherwise have standing to sue in their own right, (2) the interest it seeks are germane to the organization's purpose, and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *See Hunt v. Wash. Apple Advertising Comm'n,* 432 U.S. 333, 343, 97 S. Ct. 2434, 2441, 53 L. Ed. 2d 383, 394 (1977).

¶12.    In *Belhaven*, we set out our requirements for standing:

> For standing,  the person(s) aggrieved, or members of the association, whether one or more, should allege an adverse effect different from that of the general public.  Also, they should show the fact of a representative capacity, particularly of those adversely affected. An association should not be permitted to close out minority members, cutting off their views entirely, particularly where the effect on some individuals would be

---

[2]Other jurisdictions have also adopted the federal test to determine associational standing. *See Bama Budweiser of Montgomery, Inc. v. Anheuser-Busch, Inc.*, 783 So. 2d 792 (Ala. 2000); *312 Education Ass'n v. U.S.D. No. 312,* 47 P.3d 383 (Kan. 2002); *Aged Hawaiians v. Hawaiian Homes Comm'n*, 891 P.2d 279 (Haw. 1995); *Louisiana Hotel-Motel Ass'n, Inc. v. East Baton Rouge Parish*, 385 So. 2d 1193 (La. 1980); *Modified Motorcycle Ass'n of Mass., Inc. v. Commonwealth*, 799 N.E.2d 597 (Mass. App. Ct. 2003); *Missouri Outdoor Advertising Ass'n, Inc. v. Mo. State Hwys. & Transp. Comm'n*, 826 S.W.2d 342 (Mo. 1992); *Forest Guardians v. Powell*, 24 P.3d 803 (N.M. Ct.  App. 2001); *Creek Pointe Homeowner's Ass'n, Inc. v. Happ*, 552 S.E.2d 220 (N.C. Ct.  App. 2001); ; *Beaufort Realty Co. v. Beaufort County*, 551 S.E.2d 588 (S.C. Ct. App. 2001); *Parker v. Town of Milton*, 726 A.2d 477 (Vt. 1998).

> greater than effect on the majority. Membership in the association should be limited to residents and property owners.

507 So.2d. at 47. The Court then vacated the trial court's judgment and remanded for an evidentiary hearing to determine the question of standing. *Id*. In *Tallahatchie Valley Electric Power Ass'n v. Miss. Propane Gas Ass'n,* 812 So. 2d 912 (Miss. 2002), citing *Belhaven*, we applied the federal test in finding that an association had standing to sue on behalf of one of its members. There, we found that MPGA, a non-profit association representing propane companies, had standing to bring suit when one of its members had been adversely affected by TVEPA, a non-profit association incorporated under the Mississippi Electric Power Association Law. TVEPA began investing in the propane business in efforts to keep its rates down and purchased DeSoto Gas. MPGA filed a complaint for injunctive relief and declaratory judgment against TVPA. The trial court enjoined TVEPA from owning or operating DeSoto Gas.

¶13.    One of the numerous issues on appeal was whether MPGA had standing to challenge TVEPA's ownership of DeSoto Gas. MPGA argued that it had standing inasmuch as one of its members, Dowdle Butane Gas Co., had standing to sue TVEPA because it was a member-owner of TVEPA and could challenge any ultra vires act of TVEPA.

¶14.    Applying the federal test to determine whether MPGA had standing, we found that MPGA had standing due to its representation of Dowdle Butane Gas Co., which was a member of  MPGA and of TVEPA. Since Dowdle Butane could challenge TVEPA's actions, MPGA could also. MPGA asserted interests relevant to its purpose because Dowdle Butane had been adversely affected by TVEPA's actions. *Id.* at 922.

¶15.    Applying the three-pronged federal test to the present case, we find that MMHA has standing to challenge the city's zoning decision:

>    *A.    Whether MMHA's members would otherwise have standing to sue in their own right.*

¶16.    The issue under the first prong of the federal test is whether a member of MMHA would have standing to challenge the City's zoning decision. MMHA asserts that one of its members owns property and manages a retail manufacturing housing center in the City of Canton.[3]

¶17.    Other jurisdictions have found associational standing in similar circumstances. In ***Colorado Manufactured Housing Ass'n v. Pueblo County***, 857 P.2d 507 (Colo. Ct. App. 1993), the plaintiffs, a manufactured housing association, dealers, and builders brought suit challenging a county's zoning restrictions on manufactured housing. The plaintiffs had contracted with a buyer to purchase a mobile home. In accordance with the local zoning resolution, the county denied the buyer's application for a permit to install the manufactured home on his property. The buyer then rescinded the contract with the manufactured home dealer. The plaintiffs alleged actual and threatened injury; specifically, that they suffered injury by the loss of the sale to the buyer and that their future sales would be adversely affected. The trial court dismissed the case, finding that the plaintiffs did not have standing. *Id*. at 510. On appeal the court found that the plaintiffs had standing, stating that the plaintiff's allegations of *threatened* injury were sufficient for purposes of standing. ***Id.*** at 511. The plaintiffs had already lost one sale and would lose more in the future.

---

[3] MMHA concedes there is nothing in the record that indicates it has a member within the City of Canton.

¶18.    Here, the first federal test factor is satisfied. Members of MMHA have standing under Mississippi's liberal standing requirements to challenge the City's zoning decision. Members of MMHA will experience an adverse effect from the City's zoning decision that restricts the area where manufactured homes can be placed. The zoning decision will no doubt have a direct negative economic impact on any member of MMHA that sells manufactured homes in the City because their buyer's market would be diminished.

> B.    *The interests MMHA seeks to protect are germane to the organization's purpose.*

¶19.    There is no doubt that MMHA's challenge to the City's zoning restrictions is of importance to MMHA's members. MMHA is seeking to have a zoning ordinance struck down that will likely diminish business for its members. MMHA stated in its position statement presented to the Mayor and Board of Aldermen that, "Development, zoning and planning issues concerning manufactured housing issues are of critical importance to MMHA."

> C.    *Neither the claim asserted nor the relief requested requires the participation of individual members of the suit.*

¶20.    This prong has been interpreted as follows:

> [W]hether an association has standing to invoke the court's remedial powers on behalf of its members depends in substantial measure on the nature of the relief sought. If in a proper case the association seeks a declaration, injunction, or some other form of prospective relief, it can reasonably be supported that the remedy, if granted, will inure to the benefit of those members of the association actually injured.

*Hunt*, 432 U.S. at 343, 97 S. Ct. at 2441.

8

¶21.    When an association seeks only prospective relief and raises only issues of law, it need not prove the individual circumstances of its members to obtain that relief.  The third element of associational standing is met.  *Tex. State Employees Union/CWA Local 6184 v. Tex. Workforce Comm'n*, 16 S.W.3d 61, 69 (Tex. App. 2000).

¶22.    Adopting the federal test to determine whether an association has standing to sue on behalf of its members, we find that MMHA has standing to challenge Canton's zoning decision. Thus, the circuit court erred in dismissing MMHA's bill of exceptions for lack of standing by MMHA.

      **II.     WHETHER THE CITY IS ESTOPPED FROM CHALLENGING THE MMHA'S STANDING AFTER THE MMHA PARTICIPATED IN THE CITY HEARING.**

      **III.    WHETHER THE CITY HAS WAIVED ANY CHALLENGE TO MMHA'S STANDING.**

¶23.    Because we find Issue I controlling, we will not address Issues II and III.

**CONCLUSION**

¶24.    We expressly adopt the  federal test for associational standing to be interpreted under Mississippi's more liberal standing requirements and find that MMHA has standing to appeal the City of Canton's zoning decision. Thus, the circuit court erred in dismissing MMHA's bill of exceptions for lack of standing by MMHA. Therefore, we reverse the circuit court's judgment, and we remand this case to the circuit court for further proceedings consistent with this opinion.

¶25.    **REVERSED AND REMANDED.**

9

**SMITH, C.J., COBB, P.J., EASLEY, CARLSON, GRAVES AND DICKINSON, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.**