MODIFIED OPINION ON MOTION FOR REHEARING
KING, C.J.,
for the Court.
¶ 1. The motion for rehearing is denied. The original opinion is withdrawn and this opinion is substituted in its stead.
¶ 2. The request of Vulcan Lands, Inc. and Vulcan Construction Materials, LP (Vulcan) for a conditional use permit to operate an aggregate sales yard in Olive Branch was denied by the City of Olive Branch. Aggrieved by that decision, Vulcan has appealed, and raises the following issues which we quote verbatim:
I. Vulcan is entitled to operate an open storage yard on its property as a permitted use.
II. The decision of the City of Olive Branch Board of Aldermen denying Vulcan’s conditional use application was not supported by substantial evidence.
Finding no error, this Court affirms.
FACTS
¶ 3. About July 13, 2000, Vulcan filed an application for a conditional use permit to *200 operate an aggregate sales yard on property which it owned in Olive Branch. The proposed sales yard would store and distribute crushed stone. On August 8, 2000, the Olive Branch Planning Commission held a hearing and denied Vulcan’s application. Vulcan appealed this denial to the Mayor and Board of Aldermen. Vulcan also requested that the Mayor and Board of Aldermen determine whether, under the city’s zoning ordinance, an aggregate sales yard was a permitted use or a conditional use in an M-2 Heavy Industrial District.
¶ 4. On June 18, 2002, the Mayor and Board of Aldermen held a hearing on Vulcan’s appeal. It first determined that Vulcan’s proposed use was not a permitted use under the City’s Zoning Ordinance, but was rather a conditional use. The City then heard testimony from those witnesses who supported Vulcan’s application, and those witnesses who opposed Vulcan’s application. After which the City of Olive Branch denied Vulcan’s application.
¶ 5. Vulcan appealed this decision to the Circuit Court of DeSoto County which heard oral arguments on March 20, 2003. On June 23, 2003, the circuit court affirmed the decision of the City of Olive Branch.
ISSUES AND ANALYSIS
I.
Was Vulcan entitled to operate an open aggregate sales yard on its property as a permitted use?
¶ 6. Vulcan claims that its property is zoned M-2(Heavy Industrial), which entitled it to operate an aggregate sales yard as a permitted use under the Olive Branch Zoning Ordinance, Article V, Section 13(a)(1). The Olive Branch Zoning Ordinance defined M-2 permitted uses as “any use permitted in the ‘M-l’ Light Industrial District.” The portion of the zoning ordinance covering the M-l Light Industrial District sets out some twenty categories of permitted uses. Those categories are:
(1) Aluminum can processing and recycling center
(2) Convenience store
(3) Dwellings for resident watchmen and caretakers employed on the premises
(4) Farms and farm dwellings
(5) Nursery and greenhouse for growing or propagation of plants, trees, and shrubs
(6) Wholesale merchandising or storage warehouses with or without accessory retail sales and offices
(7) Compounding of cosmetics, toiletries, drugs, and pharmaceutical products
(8) Photographic processing or blueprinting
(9) Printing and publishing
(10) Manufacture or assembly of medical and dental equipment, drafting, optical, and musical instruments, watches, clocks, toys, games, and electrical or electronic apparatus
(11) Manufacture or assembly of boats, bolts, nuts, screws, and rivets, ornamental iron products, firearms, electrical appliances, tools, dies, machinery, and hardware products, sheetmetal products, and vitreous enameled metal products
(12) Manufacture of food products, including beverage blending or bottling, bakery products, candy manufacture, dairy products, and ice cream, fruit, and vegetable processing and canning, packing and processing of meat and poultry products, but not distilling or brewing of beverages or slaughtering of poultry or animals.
(13) Manufacture of rugs, mattresses, pillows, quilts, millinery, hosiery, cloth *201 ing and fabrics, printing, and finishing of textiles and fibers into fabric goods
(14) Manufacture of boxes, crates, furniture, baskets, veneer, and other wood products of similar nature
(15) Generally those light manufacturing uses similar to those listed above which do not create any more danger to health and safety in surrounding areas and which do not create any more offensive noise, vibration, smoke, dust, lint, odor, heat, or glare, than that which is generally associated with light industries of the type specifically permitted
(16) Auditorium or lecture hall, recreation facilities primarily for employees in the district
(17) Banks, drive-in or otherwise
(18) Transportation terminal for air, rail, truck, or water transportation
(19) Radio, television towers, antennas, earth stations
(20) Restaurants
¶ 7. The City of Olive Branch determined that an aggregate sales yard was not similar to the other permitted uses listed for an M-l Light Industrial District, and therefore it was not a permitted use in an M-2 Heavy Industrial District. In reviewing zoning decisions, this Court’s authority is limited. If the Board’s decision is supported by substantial evidence, is not arbitrary or capricious, is not beyond its scope or powers, and does not violate any constitutional or statutory right, this Court is without authority to reverse that decision. Hearne v. City of Brookhaven, 822 So.2d 999 (¶ 22) (Miss.Ct.App.2002). “Substantial evidence has been defined as ‘such relevant evidence as reasonable minds might accept as adequate to support a conclusion’ or to put it simply, more than a ‘mere scintilla’ of evidence.” Id. at (¶ 9). This Court is bound by the Board’s findings of fact, where supported by substantial evidence, even if it might have found otherwise in the first instance. Barnes v. Board of Sup’rs, DeSoto County, 553 So.2d 508, 511 (Miss.1989).
¶ 8. Vulcan bears the burden of establishing that the actions of the City of Olive Branch were unsupported by substantial evidence, or were arbitrary or capricious, or were beyond the City’s scope or powers, or were a violation of some constitutional or statutory right belonging to it. Mayor and Bd. of Aldermen v. Hudson, 774 So.2d 448 (¶ 6) (Miss.Ct.App.2000). Vulcan has not met that burden of proof.
¶ 9. This issue is found to be without merit.
II.
Whether the denial of Vulcan’s conditional use application was supported by substantial evidence.
¶ 10. Vulcan claims that the Board of Aldermen’s decision to deny its conditional use application was not supported by substantial evidence.
¶ 11. The decision to grant or deny a conditional use permit is adjudicative in nature. City of Olive Branch Bd. of Aldermen v. Bunker, 733 So.2d 842 (¶ 6) (Miss.Ct.App.1998). If the Board’s decision to grant or deny a permit is based upon substantial evidence, then it is binding upon an appellate court. Barnes, 553 So.2d at 511. Therefore, the party seeking a conditional use permit bears the burden of proving by a preponderance of the evidence that it has met the necessary requisites to obtain a permit. Id.
¶ 12. In deciding whether to grant or deny a conditional use application, the Olive Branch Zoning Ordinance, Article X, Section 1 dictates that consideration be given to whether the building use will:
*202 a. Substantially increase traffic hazards or congestion.
b. Substantially increase fire hazards.
c. Adversely affect the character of the neighborhood.
d. Adversely affect the general welfare of the county.
e. Overtax public utilities or community facilities.
f. Be in conflict with the Comprehensive Plan. If the findings by the Planning Commission relative to the above subjects are that the county would benefit from the proposed use and the surrounding area would not be adversely affected, then such permits, shall be granted.
City of Olive Branch Bd. of Aldermen, 733 So.2d at (¶ 7).
¶ 13. The City of Olive Branch heard conflicting testimony on these items. Vulcan’s witnesses indicated that the proposed use would not create a traffic hazard nor would it decrease the property value of the surrounding residential area, or overburden the local utilities.
¶ 14. Residential property owners objected to Vulcan’s proposed use asserting that it would decrease property values. They noted that there would be no guarantee that the trucks coming in and out of the facility would follow the longer suggested route, as opposed to taking the shorter route through the residential area. They also expressed concerns about the additional traffic, odors, and noise, which would be generated by the proposed plant.
¶ 15. After considering the evidence presented, the Olive Branch Mayor and Board of Aldermen unanimously voted to deny Vulcan’s conditional use application and stated its reasons for denying Vulcan’s conditional use application as follows: (1) the applicant failed to show that the character of the neighborhood would not be affected, and (2) the applicant failed to show that there would not be an adverse impact upon traffic and safety. While not stated as such, these reasons for denying Vulcan’s application are findings of fact, and as such are binding upon this Court where supported by substantial evidence. Barnes, 553 So.2d at 511.
¶ 16. “The appellate court may not re-weigh the facts nor may it substitute its judgment for that of the lower tribunal.” City of Olive Branch Bd. of Aldermen, 733 So.2d at (¶ 16). Accordingly, this Court finds that the denial of Vulcan’s application for a conditional use permit was supported by substantial evidence and holds the issue to be without merit.
¶ 17. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.