GRIFFIS, J.,
 

 for the Court:
 

 ¶ 1. This appeal reviews a circuit court’s reversal of a local authority’s zoning decision. The Washington County Board of Supervisors granted Mike Jones a permit for a permissible non-conforming use. A group of homeowners appealed to the Washington County Circuit Court, which reversed the Board of Supervisors’ decision and denied the permit. On appeal, Jones argues that: (1) the homeowners lacked standing to appeal, and (2) the circuit court erred when it found the Board of Supervisors’ decision arbitrary and capricious and unsupported by substantial evidence. Finding error, we reverse the circuit court’s judgment and reinstate the decision of the Board of Supervisors.
 

 FACTS
 

 ¶ 2. In 2005, Jones leased property near Lake Washington, a large oxbow lake in Washington County. The lake is a popular vacation spot, and Jones catered to the vacationers. On the property, Jones operated an RV campground, ran a convenience store that sold fishing bait and refreshments, and maintained a few permanent cabins for rent.
 

 ¶ 3. In 2006, the Washington County Zoning Ordinance was enacted. Most of the land around Lake Washington, including Jones’s land, was zoned R-2 residential (single-family residential). Jones’s RV park, convenience store, and cabin-rental business were not in conformity with the new ordinance. However, the ordinance expressly provided for the continuation of non-conforming uses that existed at the time the ordinance was enacted. The ordinance, in pertinent part, reads:
 

 
 *457
 
 It is the intent of this Ordinance to allow nonconformities to continue. It is further the intent of this Ordinance that nonconformities shall not be enlarged upon, expanded, or extended, nor be used as grounds for adding other structures or uses prohibited elsewhere in the same district.
 

 Washington County Zoning Ordinance § 3001(3)(a). Jones continued operating his business as a permissible non-conforming use. However, the ordinance prohibited Jones from expanding the non-conforming use.
 

 ¶ 4. At some time thereafter, Jones began selling portable cabins. These cabins were small manufactured buildings that could be loaded on trucks and transported. He displayed the cabins for sale on his land near his convenience store. Jones sold several portable cabins. Most of the cabins sold were removed from his property. However, two of the cabins were placed on RV lots, which were on Jones’s property, at the request of the purchasers. The purchasers paid rent for the lots like an RV user.
 

 ¶ 5. The Washington County Planning Director informed Jones that he could not display the cabins for sale and that he could not keep the two cabins on the RV lots. The director maintained that Jones was in violation of the zoning ordinance. The director determined that Jones’s display of the cabins and his placement of the cabins on RV lots were impermissible expansions of his non-conforming use.
 

 ¶ 6. Jones then sought a permit from the Washington County Planning Commission. The Commission agreed with the director that the display of cabins for sale was an impermissible expansion. Thereafter, Jones ceased the display of cabins for sale. This decision was never challenged. However, the Commission disagreed with the director as to the two portable cabins placed on the RV lots. The Commission found that the placement of the portable cabins was a permissible continuation of Jones’s non-conforming use, not an expansion, and Jones was granted the permit to allow the portable cabins to remain.
 

 ¶ 7. A group of nearby homeowners appealed the Commission’s decision to the Board of Supervisors. The Board of Supervisors affirmed the Commission’s decision. The homeowners then filed a bill of exceptions and appealed the decision to the circuit court. The circuit court reversed the Board of Supervisors’ decision. Jones now appeals the circuit court’s decision.
 

 STANDARD OF REVIEW
 

 ¶ 8. When the decision of a local zoning authority is appealed to the circuit court, the circuit court acts as an appellate court.
 
 Broadacres, Inc. v. City of Hattiesburg,
 
 489 So.2d 501, 503 (Miss.1986). This Court and the circuit court must apply the same standard of review.
 
 City of Biloxi v. Hilbert,
 
 597 So.2d 1276, 1280 (Miss.1992). We can reverse the zoning authority’s decision only if that decision was “arbitrary, capricious, discriminatory, illegal, or [was] not supported by substantial evidence.”
 
 Id.
 
 Indeed, if the zoning authority’s decision appears “fairly debatable,” the decision must be affirmed.
 
 Id.
 

 ANALYSIS
 

 1. Whether the homeowners had standing to challenge the Board of Supervisors’ decision by filing a bill of exceptions in the circuit court.
 

 ¶ 9. Jones argues that the circuit court’s decision should be vacated because the court never had jurisdiction to hear the case. He claims that the homeowners lacked standing to challenge the Board of Supervisors’ decision. We disagree.
 

 
 *458
 
 ¶ 10. The Mississippi Supreme Court articulated the requirements for standing, stating:
 

 Mississippi’s standing requirements are more relaxed than the stringent case or controversy requirements for standing in federal courts under Art. Ill, § 2 of the United States Constitution.... In Mississippi, parties have standing to sue when they assert a colorable interest in the subject matter of the litigation or experience an adverse [ejffect from the defendant’s conduct.
 

 Miss. Manufactured Hous. Ass’n v. Bd. of Aldermen,
 
 870 So.2d 1189, 1192 (¶8) (Miss.2009) (citation omitted).
 

 ¶ 11. The supreme court has held that a group of nearby homeowners had standing to challenge a zoning decision based on the homeowners’ proximity to the subject property and their allegations that their property values would be affected by the decision.
 
 Luter v. Oakhurst Assoc., Ltd.,
 
 529 So.2d 889, 892 (Miss.1988). In
 
 Luter,
 
 the question decided was whether the subject property would be zoned single-family-residential or multi-family-residential.
 
 Id.
 
 at 890-92 The property owners wanted the property to be zoned multi-family-resi-dential to accommodate their plans to build an apartment complex on the land.
 
 Id.
 
 The nearby homeowners wanted the property to be zoned single-family-residential.
 
 Id.
 
 One homeowner lived 211 feet away from the subject property, and the others lived in a subdivision 530 feet away.
 
 Id.
 
 at 892. The court concluded that their proximity, coupled with their allegations that the apartment complex would drive down their property values, was enough to confer standing on both.
 
 Id.
 

 ¶ 12. This case is similar. All four of the appealing homeowners own homes on Lake Washington. Two of them own homes on land immediately adjacent to Jones’s property. They allege that if Jones is allowed to continue placing portable cabins on his land, then their property values would be negatively impacted.
 

 ¶ 13. We find that the appealing homeowners have asserted a colorable interest in the subject matter of the litigation sufficient to confer standing. We find no merit to this issue.
 

 2. Whether the circuit court erred in finding the Board of Supervisors’ decision arbitrary and capricious and unsupported by substantial evidence.
 

 ¶ 14. The circuit court ruled that the Board of Supervisors’ decision was arbitrary and capricious and unsupported by substantial evidence. The circuit court found that the placement of the portable cabins on RV lots was an expansion of Jones’s non-conforming use. Thus, the court concluded that the Board of Supervisors’ decision to grant Jones the permit was contrary to the express language of the ordinance, which prohibits expansion of non-conforming uses.
 

 ¶ 15. The question facing the Board of Supervisors was whether placing the portable cabins on the RV lots was an expansion of Jones’s non-conforming use or whether it was a permissible continuation of the non-conforming use. If it was an expansion, then the ordinance prohibited it. If it was a continuation, then the ordinance allowed it.
 

 ¶ 16. To answer this question, the nature of Jones’s non-conforming use must be defined. Jones had an RV park, a convenience store, and a few permanent cabins available for rent on the land. The homeowners contend that Jones had an RV park, and nothing else, and that these portable cabins are not RVs; thus, their placement cannot be a continuation of the permissible non-conforming use. Jones
 
 *459
 
 argues that his non-conforming use should be construed as a commercial operation, rather than merely an RV park. If the non-conforming use is broadly defined as a commercial operation, then he claims it is easier to see how placing the portable cabins could be viewed as a continuation and not an expansion.
 

 ¶ 17. Even if the permissible non-conforming use is narrowly defined as an RV park and nothing else, there is a second difficult question — whether these portable cabins qualify as RVs under the ordinance. The ordinance defines RVs as “portable or mobile living unit[s] for temporary human occupancy away from the place of residence of the occupants.” Washington County Zoning Ordinance § 203. This definition appears to be broad enough to include the portable cabins at issue.
 
 [1]
 
 If the cabins are RVs within the meaning of the ordinance, then their placement on RV lots would not be an expansion of Jones’s non-conforming use.
 

 ¶ 18. The Board of Supervisors was faced with these questions and had to interpret the zoning-ordinance language. The words “expansion” and “continuation” were not clearly defined, precise terms in the zoning ordinance. These words must be interpreted and applied within the context of a given factual scenario. It is the role of the Board of Supervisors to make these judgments, subject to limited appellate review.
 

 ¶ 19. “[I]n construing a zoning ordinance, unless manifestly unreasonable, great weight should be given to the construction placed upon the words by the local authorities.”
 
 Hall v. City of Ridgeland,
 
 37 So.3d 25, 40 (¶ 50) (Miss.2010) (quoting
 
 Columbus & Greenville Ry. Co. v. Scales,
 
 578 So.2d 275, 279 (Miss.1991)). As stated previously, where the question is “fairly debatable,” the decision of the Board of Supervisors must be affirmed.
 
 Saunders v. City of Jackson,
 
 511 So.2d 902, 906 (Miss.1987). Here, it is our opinion that the interpretation of the zoning-ordinance definition of RV could include the portable cabins. Accordingly, we find that the Board of Supervisors’ decision was “fairly debatable” and that this interpretation was not manifestly unreasonable.
 

 ¶ 20. For these reasons, we find the circuit court committed error when it reversed the decision of the Board of Supervisors. Accordingly, we reverse the circuit court’s judgment and reinstate the decision of the Board of Supervisors.
 

 ¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . The homeowners point out that the next sentence in the ordinance states: "For the purpose of this Ordinance, such RV shall be considered a VEHICLE AND NOT A STRUCTURE.” Washington County Zoning Ordinance § 203. The homeowners then argue that the portable cabins are structures, not vehicles; therefore, they cannot be RVs within the meaning of the ordinance. We do not agree with that reading of the ordinance. The first sentence defines RVs. The second sentence then states that, going forward, whenever the ordinance refers to a "structure” it is not referring to an RV, and whenever it refers to a "vehicle” it is referring to an RV in addition to whatever else qualifies as a "vehicle” under the ordinance. The second sentence does not modify the definition of an RV.