# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00118-COA

**HENRY W. KINNEY**                                            **APPELLANT**

**v.**

**HARRISON COUNTY BOARD OF**                     **APPELLEE**
**SUPERVISORS**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/31/2013 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | HENRY W. KINNEY (PRO SE) |
| ATTORNEYS FOR APPELLEE: | TIM C. HOLLEMAN |
| | PATRICK TAYLOR GUILD |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| TRIAL COURT DISPOSITION: | AFFIRMED THE DECISION OF THE HARRISON COUNTY BOARD OF SUPERVISORS |
| DISPOSITION: | AFFIRMED – 09/01/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., BARNES AND JAMES, JJ.

### JAMES, J., FOR THE COURT:

¶1.     Henry W. Kinney appeals pro se from an order of the Circuit Court of Harrison County affirming the decision of the Harrison County Board of Supervisors (Board) sustaining the Harrison County Planning Commission's (Commission) grant of a conditional use permit to Chase Mosely d/b/a Oak Crest Mansion Inn (Oak Crest). Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.     The Appellant, Kinney, resides at 4395 Menge Avenue, Pass Christian, Mississippi.

The Appellee, Oak Crest, operates a bed and breakfast on a twelve-acre parcel of land located at 5267 Menge Avenue, Pass Christian, Mississippi, under a conditional use permit to operate as a rural resort that was granted in 2007. Oak Crest sought and received the Commission's approval through a supplemental application in 2010 to add amenities to provide to its customers, including a salon and spa.

¶3. On August 24, 2012, Chase Mosely, owner of Oak Crest, filed a conditional use permit application to amend its existing conditional use permit to the Harrison County Zoning Department "requesting approval to add approximately 2,400 square feet to the barn carriage space for making handcrafted spa, bath and body products to be used in the salon and spa." According to the application, in this additional 2,400 square feet, the Pass Christian Soap Company (Soap Company), a separate entity from Oak Crest, would be permitted to make handcrafted spa, bath, and body products and would allow the guests to observe the handcrafting of the products as an amenity to Oak Crest. Customers would also be able to participate in classes to learn how to make the products. The products would be allowed to be sold in the salon and spa as part of its operations, but the Soap Company would not operate a retail store for its products on the property. The Soap Company would be permitted to sell products that it made at Oak Crest at its own retail store located on Davis Avenue in Pass Christian.

¶4. Several hearings were held before the Commission where "substantial evidence and debate by all parties was presented and considered." The precise issue before the Commission was whether the presence of the Soap Company was a "recreational amenity"

or accessory to the primary use of Oak Crest, which is a rural resort. Harrison County Zoning Ordinance 203 allows rural resorts to provide "recreational amenities of a rural nature." Harrison County Zoning Ordinance section 203 provides the definition of a "Rural Resort" to be:

> A private establishment consisting of a detached structure located in a rural setting in which lodging is available to transient guests for compensation as the principal use, and which may include meeting facilities, restaurant, banquet hall, and/or recreational amenities of a rural nature.

¶5. The Commission determined that the Soap Company's presence, as defined in Oak Crest's application, was an appropriate recreational amenity to Oak Crest, and granted Oak Crest a conditional use permit. The Commission found that granting the conditional use permit to allow the Soap Company to make handcrafted spa, bath, and body products, and guests of Oak Crest to observe the handcrafting of the products and participate in classes to learn how to make the products, would be a permissible recreational amenity of a rural nature.

¶6. Kinney appealed the Commission's decision to the Harrison County Board of Supervisors. On January 7, 2013, a hearing was held before the Board, and the issue again was whether the presence of the Soap Company was an appropriate recreational amenity of Oak Crest. Supervisor Ladner of the Board stated:

> But the bottom line is the issue of whether we determine that to be a recreational amenity. And we've had strong arguments, I will recognize, on both sides, very convincing, very difficult. But I think the bottom line is – and I would assume it's sort of – we're in a position to make a subjective decision here based on what we've heard and what I've heard from both sides, whether that is by – whether we can define that as a recreational amenity.

3

¶7. The Board affirmed the Commission's grant of a conditional use permit to Oak Crest by a vote of four to one after considering the "very convincing" and "strong arguments" on both sides. The Board found that section 203 of the zoning ordinance provided that a rural resort may include meeting facilities, restaurants, banquet halls, and/or recreational amenities of a rural nature. The Board determined that the proposed additional uses sought by Oak Crest were "recreational amenities of a rural nature," which would attract guests to the bed and breakfast. Kinney appealed to the circuit court under Mississippi Code Annotated section 11-51-75 (Rev. 2014).

¶8. The issue on appeal before the circuit court was whether the decision granting the conditional use permit allowing the presence of the Soap Company as a recreational amenity of a rural nature was fairly debatable. The circuit court found that "[t]he subjective nature of the decision of the Board in this case makes it fairly debatable," and "the Board must be given a great deal of deference when making decisions with regard to zoning, and once made, such decisions should be presumed appropriate and in the best interests of the public." Accordingly, the circuit court affirmed the Board's decision finding that the decision to grant the conditional use permit was supported by substantial evidence and was not arbitrary, capricious, discriminatory, or beyond its legal authority.

## STANDARD OF REVIEW

¶9. "When the decision of a local zoning authority is appealed to the circuit court, the circuit court acts as an appellate court." *Jones v. Lutken*, 62 So. 3d 455, 457 (¶8) (Miss. Ct. App. 2011). This Court and the circuit court must apply the same standard of review. *Id.*

"While zoning ordinances are legislative acts, conditional use permits are adjudicative in nature." *City of Olive Branch Bd. of Aldermen v. Bunker*, 733 So. 2d 842, 844 (¶6) (Miss. Ct. App. 1998). "In reviewing the Board's decision, we will not reverse unless the decision was unsupported by substantial evidence; was arbitrary or capricious; was beyond the Board's scope or powers; or violated the constitutional or statutory rights of the aggrieved party." *Id*. "If the Board's decision to grant or deny a permit is based upon substantial evidence, then it is binding upon an appellate court." *Vulcan Lands Inc. v. Olive Branch*, 912 So. 2d 198, 201 (¶11) (Miss. Ct. App. 2005). "We can reverse the zoning authority's decision only if that decision was arbitrary, capricious, discriminatory, illegal, or was not supported by substantial evidence." *Jones*, 62 So. 3d at 457 (¶8). "Indeed, if the zoning authority's decision appears fairly debatable, the decision must be affirmed." *Id.*

## DISCUSSION

¶10.    The issue before us is whether the Board's decision to sustain the Commission's grant of a conditional use permit to Oak Crest to allow the Soap Company's presence on its resort as a recreational amenity, as described in its application, was arbitrary, capricious, discriminatory, illegal, or not supported by substantial evidence.

¶11.    Kinney argues that manufacturing and industrial operations of any type are not permitted or considered conditional uses within District E-1, where Oak Crest is located. Specifically, Kinney argues that the conditional use permit granted to Oak Crest is not a permitted conditional use among the enumerated allowable uses in the Harrison County Zoning Ordinance, which has resulted in illegal zoning. Allowable conditional uses in

5

District E-1 include, among others, bed and breakfasts and rural resorts.

¶12.   Oak Crest's application for the conditional use permit does not include the term "manufacturing."   At the full hearing before the Board, the Oak Crest's attorney was questioned regarding whether manufacturing would occur at Oak Crest.  Oak Crest's attorney confirmed that all soap making is entirely done by hand and that the Soap Company has no intention to conduct retail or manufacturing at Oak Crest.  Oak Crest's application simply states that it anticipates that "spa, bath and body products would be displayed for sale in the salon and spa facility."  Moreover, the application provides that Oak Crest plans to "utilize this new space to foster a generation of creativity by hosting soap making classes, demonstrations and tours."  The purpose of the renovation and addition at Oak Crest was "to exhibit, demonstrate and perform the art of handcrafting soap and bath products by the Pass Christian Soap Co."

¶13.   The Commission and Board were faced with interpreting the term "recreational amenities of a rural nature."  The circuit court found that the Commission's and the Board's interpretation that a handcrafted-soap-making operation offering observation and classes to the rural resort constitutes a "recreational amenity" was reasonable and should be afforded great deference.  Moreover, the circuit court noted that the Board had a thorough inquiry with all parties, including Kinney, as to what could constitute a recreational amenity, as evidenced by the following exchange:

Supervisor Ladner:  Would crafts under you definition, be recreational –

Mr. Kinney:          Yes.

6

Supervisor Ladner:  – for example, basket weaving?

Mr. Kinney:          Absolutely.

. . . .

Supervisor Martin:  Candle making, whatever.  But –

Mr. Kinney:          Candle making or basket weaving.

Supervisor Rocko:   Ceramics.

Supervisor Ladner:  Crafts would be a recreational amenity.

Supervisor Martin:  Soap making.

Mr. Kinney:          And, quite honestly, soap making, if they wanted to have a class that was incidental to the principle use – now, the principle use is lodging for guests for compensation.  So if they want to have soap making classes, that, to me, would be a recreational amenity.

¶14.  Thus, Kinney conceded that soap-making classes would qualify as a "recreational amenity."  Essentially, Kinney argues that Oak Crest's application constitutes illegal manufacturing as opposed to an allowable recreational amenity.  Simply put, Kinney disagrees with the Commission's and Board's interpretations of the phrase "recreational amenities of a rural nature."  However, we cannot reweigh the facts, nor may we substitute our judgment for that of the lower tribunal.  *See Vulcan Lands Inc.*, 912 So. 2d at 202 (¶16).  Moreover, a local authority's reasonable interpretation of a zoning ordinance should be afforded great deference.  *Hall v. City of Ridgeland*, 37 So. 3d 25, 40-41 (¶52) (Miss. 2010).  Affording the Board great deference, we find that a reasonable interpretation of the zoning-ordinance definition of "recreational amenities of a rural nature" could include the Soap

7

Company's presence as described in Oak Crest's application for its conditional use permit.

¶15. The Commission's decision to approve Oak Crest's request for a conditional use permit was not arbitrary or capricious and was supported by substantial evidence. Substantial evidence means more than a scintilla or a suspicion. *Attala Cnty. Bd. of Sup'rs v. Miss. State Dep't of Health*, 867 So. 2d 1019, 1023 (¶16) (Miss. 2004). It was the Commission's and Board's decision after considering over 175 pages of exhibits and the arguments of the parties that Oak Crest's request would constitute a recreational amenity of a rural nature and not illegal manufacturing. In *Barnes v. Board of Supervisors, DeSoto County*, 553 So. 2d 508, 512 (Miss. 1989), the court noted: "A full and complete hearing was awarded each side, with full and complete due process rights afforded according to constitutional standards[,] and therefore the action of the Board was not arbitrary, capricious, unreasonable or illegal." The same due-process rights were afforded to the parties in this case. Accordingly, we find that the Commission's and Board's interpretation of what constitutes "recreational amenities of a rural nature" was based on more than a scintilla or a suspicion.

¶16. Kinney argues that Oak Crest failed to meet its burden of proof for obtaining a conditional use permit, advancing the same argument that manufacturing of any type is prohibited in the district. The Commission and Board determined that Oak Crest met its burden of proof through the grant of the conditional use permit. *See Barnes v. Board of Sup'rs, DeSoto Cnty.*, 553 So. 2d 508, 511 (Miss. 1989) (holding that the grant of the conditional use permit and imposing conditions upon the grant of that permit was tantamount to a finding of fact by the Board that the requirements necessary to grant the permit were

met). Thus, this argument is without merit.

¶17. Kinney also argues that the Board's grant of the conditional use permit was inappropriate under the zoning ordinance because it was an amendment to an existing conditional use permit, and if the soap making was a recreational amenity, a new conditional use permit would not be necessary. However, the application for the amended conditional use permit was required because Oak Crest was seeking a 2,400-square-foot addition to a building that was not under the prior conditional use permit where the proposed amenity would be provided. Oak Crest's application to amend its conditional use permit was not solely based on the presence of the Soap Company on its property. The application stated the purpose of the addition was to provide its guests with an additional amenity. Thus, this argument is without merit.

¶18. We agree with the circuit court's finding that the Board's subjective decision can only be construed as fairly debatable. "Fairly debatable is the antithesis of arbitrary and capricious." *Saunders v. City of Jackson*, 511 So. 2d 902, 906 (Miss. 1987). Indeed, where the question is fairly debatable, the decision of the Board must be affirmed. *See Jones*, 62 So. 3d at 457 (¶8). Accordingly, we find that the Board's decision was fairly debatable and affirm the judgment of the circuit court.

¶19. **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND WILSON, JJ., CONCUR.**

9